Williams *vs.* The State of Georgia.

---

JIM WILLIAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where, upon the trial of the defendant for the offense of an assault with intent to murder, the jury returned a verdict finding "the defendant guilty of an assault with intent to kill," and upon being remanded to the jury-room, with instructions from the Court, returned a general verdict of " guilty," a motion in arrest of judgment, based upon the facts aforesaid, was properly overruled. (R.)

Criminal law. Verdict. Practice. Before Judge HOPKINS. Fulton Superior Court. April Term, 1872.

For the facts of this case, see the decision.

FARROW & THOMAS, for plaintiff in error. 1st. The first verdict, though a special and partial verdict, was nevertheless valid and binding. Judgment could have been rendered thereon: Graham & Waterman, on New Trials, vol. 3, page 1419; Bishop's Criminal Procedure, vol. 1, sec. 831, *et seq;* Bishop's Criminal Law, vol. 1, sec. 809. 2d. Special ver-

dicts not amendable; except as to matter of form: Bishop's Criminal Procedure, vol. 1, sec. 839; 26 Ga. R., 593.

J. T. GLENN, Solicitor General, for the State.    1st. The jury should have returned a general verdict of guilty, or not guilty, or guilty of some less offense: Code, sec. 4552.    The Court was right in having the verdict made complete before receiving it: 26 Ga. R., 593; 14 *Ibid,* 8; 28 *Ibid,* 367.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault with intent to murder.    On the trial of the case, the jury came into Court with the following verdict:  "We, the jury, find the defendant guilty of an assault, with intent to kill." Objection being made to the form of the verdict by the So-licitor General, the Court, after making inquiry of the jury as to what was their intention to find by their verdict, and the response not being satisfactory, the jury were remanded to the jury-room by the Court, with instructions that the form of their verdict should be either a general verdict of guilty, or a general verdict of not guilty, or a partial verdict of guilty of an assault and battery.    The jury, after having retired, returned into Court with a general verdict of guilty. The defendant made a motion in arrest of judgment, on the ground that the verdict was illegal, and contrary to law un-der the facts in the case, which motion was overruled by the Court, and the defendant excepted.    We find no error in the refusal of the Court to grant the motion in arrest of judgment, on the statement of facts disclosed in the record. The first verdict was an informal and imperfect verdict, and it was the duty of the Court to remand. the jury to their room, with the instructions given to them in regard to their legal duty, as to the form of their verdict.

Let the judgment of the Court below be affirmed.