## 28734. STEPHENS v. STEPHENS.

GUNTER, Justice.

This is an appeal from a divorce, alimony, and child custody judgment. The case was heard by the trial judge without the intervention of a jury, but the evidence presented was not reported. The judgment awarded a divorce, alimony, and custody to the wife-appellee.

The appellant here complains that the judgment is void for failure to comply with Section 52 of the Civil Practice Act (Code Ann. § 81A-152). Section 52 requires that all civil actions tried upon the facts without a jury, except actions involving only uncontested divorce, alimony and custody of minors, must contain in the record "findings of fact" made by the trial judge.

This was a contested civil case tried without a jury, and "findings of fact" are not contained in the judgment or the record. However, the judgment in this case was approved in writing "as to form" by counsel for the parties. It is to be noted that Section 52 also provides that the requirement for making and including findings of fact in the record may be waived in writing.

While findings of fact should be included in the

record in all contested civil cases tried by a judge without a jury, we conclude that if the judgment rendered is approved in writing "as to form" on behalf of the parties, then neither party can thereafter complain of failure to comply with Section 52 of the Civil Practice Act.

The appellant also complains here that the judgment rendered in the trial court contained no provision for child-support payments for the minor child whose custody was awarded to the appellee. This record shows that when the original complaint in this case was filed in March of 1973, the minor child was seventeen years of age. Because of this fact and because there is no transcript of the evidence of the trial, we hold that the failure of the judgment to make provision for child-support payments is not reversible error. Here again, this judgment was approved in writing "as to form" on behalf of the parties.

We find no error.

*Judgment affirmed. All the Justices concur, except Undercofler, J., who concurs specially.*

Argued March 11, 1974 — Decided April 4, 1974.

*Albert E. Butler,* for appellant.
*W. G. Thomas, Sr.,* for appellee.