## 30555. HARALSON v. MOORE.

JORDAN, Justice.

This appeal is from an order changing custody of the parties' minor child to the father from the mother, who was given custody in a divorce action between the parties.

The father filed a complaint in Cobb Superior Court alleging a change of condition since the grant of custody to the mother. The superior court judge referred the matter to the juvenile court for investigation, recommendation,

---

and report back to the superior court. The parties were ordered to submit a list of witnesses for the juvenile court investigators to interview. The report of the juvenile court recommended that custody of the child be placed in the father.

After consideration of the report, the superior court judge found that a substantial change of condition had taken place since the award of custody to the mother, and changed the custody to the father, with visitation rights in the mother.

1. The appellant mother contends that the superior court judge, in relying entirely upon the report of the juvenile court, abdicated its responsibility to determine the issue of custody.

The 1971 Juvenile Court Code (Ga. L. 1971, p. 709 et seq.), as amended by Ga. L. 1974, pp. 1126, 1127 (Code Ann. § 24A-302 (b)), provides that courts of record handling cases involving the custody of children "may transfer the question of the determination of custody ... to the juvenile court for investigation and report back to the superior court. . ."

The order of the superior court judge recites that the parties consented to the submission of the question of custody to the juvenile court, and that, after the report was received, it was further agreed that he should then consider whether there had been a substantial change of condition since the divorce decree, and issue an order determining the matter of custody.

It thus appears that error (if there be any) by the superior court judge in having no independent hearing was waived by the appellant.

2. The appellant contends that the report of the juvenile court is defective in that it was based on hearsay and was financed by the father.

A report of an investigating officer who has interviewed witnesses is by its nature hearsay evidence. However, the appellant consented to the consideration by the superior court judge of the report of the juvenile court, and cannot complain that it was based on hearsay.

The record does not substantiate the contention that the report of the juvenile court was financed by the appellee. Since some of his witnesses were nonresidents, it

was his duty to pay the travel expenses of the investigator who interviewed them.

3. It is contended by the appellant that the trial judge erred in failing to make findings of fact, and that there is no evidence warranting a change of custody.

In *Githens v. Githens*, 234 Ga. 715 (2) (217 SE2d 291) (1975), this court held that it is mandatory in a contested child custody case for the trial judge to make findings of fact. That case was reversed with direction that the judge enter findings of fact and conclusions of law.

In the present case the superior court judge made conclusions of law, but made no finding of facts. The case is therefore returned for the entry of findings of fact on which the decision to change custody is based.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 28, 1976.

*Custer, Smith & Manning, Lawrence B. Custer, Ralph Slovenko*, for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Clifford Oxford, Steven J. Edelstein*, for appellee.

