## 31283. MOTES v. STANTON.

INGRAM, Justice.

This is an appeal by the mother from an order of the Superior Court of Newton County which denied her petition for a change in custody of her minor child. The change in custody sought by the mother was based upon an alleged change of circumstances affecting the welfare of the child since August, 1975, when the father was awarded permanent custody of the child in a divorce decree. We reverse.

In the initial custody award, the mother was given the right to visit the child on alternate weekends between the hours of 5:00 p.m. on Friday and 8:00 p.m. on Sunday. After a hearing in the present case, the trial judge ordered that custody remain in the father but substantially modified the mother's visitation rights. As modified, Mrs. Motes' visitation rights extend *each week* from Sunday at 6:00 p.m. to Friday at 5:00 p.m., provided, however, that if the father does not call for the child by 8:00 p.m. on Friday, the visitation shall continue until the next Friday at 5:00 p.m. The order also provided that the father pay $20 per week toward the cost of nursery school for the child.

The mother enumerates six errors, but only one of them is reached in this appeal—the failure of the trial court to make findings of fact to support its decision. Section 52 of the Civil Practice Act (Code Ann. § 81A-152 (a)) (Rev. 1972), requires that the record of contested custody actions tried without a jury contain "findings of fact." The parties may waive this requirement if it is done in writing. The father, relying on *Stephens v. Stephens,* 232 Ga. 69 (205 SE2d 295) (1974), argues that counsel for the mother waived this requirement by signing the present order. We do not agree. In *Stephens,* the judgment was approved in writing "as to form." There was no such approval in this case. We do not think that a mere signature, without any language or recital to indicate intention, constitutes a waiver of the requirement of Code § 81A-152 (a).

In the absence of a waiver, Code Ann. § 81A-152 (a) is mandatory and a failure to comply with it requires a reversal. *Haralson v. Moore,* 236 Ga. 131 (223 SE2d 107) (1976); *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975). This is particularly true where, as here, a rather unusual custody order was entered in the trial court. On its face, the order appears to vest de facto custody of the child in the mother while leaving de jure custody in the father. An intelligent review of the merits of this appeal is precluded without explanatory findings of fact by the trial judge. Therefore, the judgment will be reversed with direction to the trial court to enter findings of fact and conclusions of law in the case.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 7, 1976.

*Dixon & Boyle, Tyler Dixon,* for appellant.
*Crudup & Howell, E. A. Crudup, Jr.,* for appellee.