## 32311. MOTES v. STANTON.

MARSHALL, Justice.

This is the second appearance of this case before this court. The earlier decision of *Motes v. Stanton*, 237 Ga. 440 (228 SE2d 831) (1976), reversed the judgment of the trial court, denying the appellant mother's petition for a change in custody of her minor child, for failure to make the required findings of fact and conclusions of law in the case.

Upon remand, the trial court entered findings of fact finding that there had been no material change of circumstances substantially affecting the interest and welfare of the child occurring since the prior award. Accordingly, the trial court reinstated the original order as to custody and visitation rights, from which order the mother appeals. *Held:*

We have reviewed the record and found that, while there was evidence which might have authorized a change in custody, there was, nevertheless, " 'reasonable evidence' in the record to support the decision made by the habeas corpus court," in which situation "the decision of the habeas corpus court must prevail as a final judgment ..." *Robinson v. Ashmore,* 232 Ga. 498, 500, 501 (207 SE 2d 484) (1974).

The trial court's statement in the order, that the change of visitation rights in the order previously appealed from was "a compromised agreement made by the parties' attorneys which this court approved," the truth of which is now challenged by the appellant, was harmless, if error, since the provisions of the order here appealed from are different from those of the previous order.

Nor is there harmful error in the trial court's statement in the order, that his findings of fact were made after, inter alia, "observing documentary evidence." Even if the trial judge considered documentary evidence which was not in the record, as the appellant contends, there was sufficient reasonable evidence in the record, exclusive of any other evidence, to authorize the order and to render the consideration of other evidence harmless error. Moreover, the likelihood is that no such extraneous

evidence was considered, and that this was a mere error in form in the order. We will presume, absent a showing to the contrary, that the judge properly performed his duty of not considering evidence outside of the record.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED MAY 11, 1977 — DECIDED OCTOBER 20, 1977.

*Raiford, Hills & McKeithen, Tyler Dixon,* for appellant.

*Crudup & Howell, E. A. Crudup, Jr.,* for appellee.