## 33503. RUDE v. RUDE.

HILL, Justice.

In this no-fault divorce case, the husband appeals from that portion of the final order and judgment awarding custody of the parties' minor son to the wife and awarding the wife attorney fees.

1. The husband contends the trial court erred in failing to enter findings of facts and conclusions of law as required in contested divorce, alimony and child custody cases tried without a jury. *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975); *Haralson v. Moore,* 236 Ga. 131 (3) (223 SE2d 107) (1976); Code Ann. § 81A-152 (a). This requirement may be waived in writing by the parties.

This is a contested child custody action tried without a jury and findings of facts and conclusions of law were not entered. The final order, however, was signed by attorneys for both parties under the recital "Approved By:".

The husband relies on *Motes v. Stanton,* 237 Ga. 440 (228 SE2d 831) (1976), to support his contention that there has been no valid waiver here of the requirement of Code Ann. § 81A-152 (a). In *Motes,* we held that a mere signature without any language or recital to indicate intention did not constitute a valid waiver. On the other hand, a final order signed on behalf of both parties "Approved as to form" has been held to constitute a valid waiver. *Stephens v. Stephens,* 232 Ga. 69 (205 SE2d 295) (1974).

In the case before us, instead of urging the court to enter findings and conclusions, the order was "approved by" appellant's counsel. Where a final order is "approved by" counsel for both parties in writing as was done here, this is more than a mere signature. It is not approval of the substance (result) of the order (if it were, the right of appeal would be waived), but a showing that counsel has seen the proposed order and agrees that it contains what the court orally directed be included in it. Counsel's "approval" thus is an indication of approval of the content or form of the order rather than its substance. If findings and conclusions are to be insisted upon, the time to do it is when the proposed order is presented to counsel for "approval." After approving the form of the order, a party cannot complain of the court's failure to include findings of fact and conclusions of law. *Stephens v. Stephens,* supra.

2. The trial court did not err in awarding the wife attorney fees. Although the wife's pleadings did not include a specific prayer for attorney fees, it is clear from the record that such relief was sought by the wife during the proceedings.

The temporary order specified that attorney fees requested by the wife were to be reserved for later determination. When the matter came before the trial court for a final hearing, counsel for both parties presented evidence as to the amount of attorney fees that

should be awarded.

The husband now contends on appeal that because the wife's pleadings did not contain a prayer for attorney fees and because she did not seek alimony, the award of attorney fees was erroneous. The husband permitted the court *to fully litigate* the matter of attorney fees, objecting as to the amount but without objection as to the court's authority to make an award of attorney fees. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Code Ann. § 81A-115 (b). Cf. *Barbee v. Barbee*, 201 Ga. 763, 768 (41 SE2d 126) (1947). *Pray v. Pray*, 223 Ga. 215 (154 SE2d 208) (1967), and *Frady v. Frady*, 222 Ga. 184 (149 SE2d 324) (1966), are no longer applicable in view of the enactment of the Civil Practice Act. The failure of the wife to specially seek alimony or attorney fees does not render void the subsequent award of attorney fees entered without objection.

3. In a contest between parents over the custody of a minor child, this court will not interfere unless the evidence shows a clear abuse of discretion. *Anderson v. Anderson*, 240 Ga. 795 (242 SE2d 593) (1978). The record does not show an abuse of discretion in awarding custody of the minor child to the mother. See *Gazaway v. Brackett*, 241 Ga. 127, 128 (1978).

*Judgment affirmed. All the Justices concur.*

Submitted May 8, 1978 — Decided June 28, 1978.

*Jean Laramore,* for appellant.
*Ralph C. Smith, Jr.,* for appellee.