## 67927. EVANS v. MAIURO et al.

BIRDSONG, Judge.

This appeal is from a judgment entered on a verdict against a landlord, Merf Evans, in a case where the landlord sued the tenants and the tenants countersued the landlord.

The tenants, Joseph and Dorothy Mae Maiuro, lived in Merf Evans' house about two and-one-half years under three one-year lease agreements. The jury was authorized to conclude under the evidence that ill feelings surfaced when Evans failed to make certain repairs, spoke abusively to Mrs. Maiuro, and breached an alleged oral understanding that the Maiuros would be able to buy the house. The Maiuros notified appellant Merf Evans they would quit the premises, and paid through the end of March, 1980. Appellant Evans re-let the house on April 7, but in March, when the Maiuros had moved out but were still responsible for the property, Evans went to the house, where he and Joseph Maiuro engaged in a fracas, the particulars of which were surreptitiously tape recorded by Evans. The evidence of the parties and the tape transcript indicates that Evans, on an earlier inspection tour, had been severely and apparently unilaterally frightened by the sight of a gun used by Maiuro in protection of his store property (which he had just left). On the date of the fracas, Evans went to the house to do yard work. A neighbor called Maiuro at his new home nearby and advised that an intruder was at the house; Maiuro went there unarmed. During the ensuing discussion, appellant Evans at some point raised his shovel, he said defensively, and Maiuro said offensively. Evans testified he took the tape recorder to the house because he feared just such a confrontation with Maiuro, who had already frightened Evans by allowing Evans to see his gun, and he wanted everyone to know what happened to him in case something did. A neighbor called the police at Maiuro's request, and the police advised Maiuro he could swear out a warrant for simple assault and battery. He did so, but the charge against Evans was eventually nolle prosequied.

Several months later, before Evans filed suit against the Maiuros for breach of contract and malicious prosecution, Evans swore out a warrant against Maiuro for assault, for which he was jailed as Evans had been, although the charge was later dismissed. Maiuro's defense and counterclaim against Evans involved breach of contract in failure to make repair, and countersuit for wilful and malicious threat and harassment, malicious prosecution, false imprisonment, intentional emotional harm and distress. The jury, being asked for actual and punitive damages, returned a verdict for the Maiuros in the amount of $5,000. *Held*:

Merf Evans' appeal is without merit on any grounds alleged. The

verdict was not contrary to the evidence. The jury heard the evidence and had available the transcript of the tape recording Merf Evans had made specifically so that everyone would know what had happened during the confrontation he anticipated having with Maiuro. As to all of this, the jury made its conclusion, and on appeal, we find the evidence supports it. See *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410-411 (224 SE2d 65).

The award of $5,000 to the appellees is supported by the evidence and not illegal. The form of the verdict was not objected to (see *Todhunter v. Price*, 248 Ga. 411 (283 SE2d 864); *Atlanta & West Point R. Co. v. Armstrong*, 138 Ga. App. 577 (227 SE2d 71)), so it cannot now be impeached. It is impossible to know which of Maiuro's grounds the jury found merited the award against Evans, but at least the tort grounds support the verdict, and we will presume the verdict was properly based on those grounds. If Evans had been entitled to anything on account of his breach of contract claims, the jury must be presumed to have considered these and set them off against the award. So long as no legal error was made and the verdict is supported by the evidence, we must affirm; inasmuch as no objection was made to it, we are not authorized to go behind it. See esp. *Central of Ga. R. Co. v. Luther*, 128 Ga. App. 178 (196 SE2d 149). The charge of the trial judge on all the issues was neither factually incorrect nor harmful; but in any case, no objection was made to it and no exception taken. *Simmons v. Edge*, 155 Ga. App. 6 (270 SE2d 457); *Brown v. Garcia*, 154 Ga. App. 837 (270 SE2d 63).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1984.

*Kenneth W. Krontz, Jennifer McLeod*, for appellant.
*William C. Tinsley II*, for appellees.