## A93A2166. WILKES v. THE STATE.
(437 SE2d 837)

BLACKBURN, Judge.

On March 23, 1993, an amended six-count accusation was returned against appellant, Charlie Wilkes. Thereafter, Wilkes was tried by a jury and convicted on three counts. Wilkes appeals his conviction.

1. In his first enumeration of error, Wilkes contends that the trial court erred in denying his motion in arrest of judgment as to Count 2, inasmuch as he was found not guilty of Count 1 which charged the same crime. The jury found Wilkes not guilty of Count 1: Homicide by vehicle in the second degree by failing to obey the instructions of an official traffic control device and/or by failing to wear corrective lens. As to Count 2, Wilkes was found guilty of: Homicide by vehicle in the second degree by failing to obey the instructions of an official traffic control device. Wilkes was found guilty of Count 3: Failure to obey the instructions of an official traffic control device. The jury next found Wilkes not guilty of Count 5: Homicide by vehicle in the second degree by failing to wear corrective lens. As to Count 6, the jury found Wilkes guilty of: Failure to wear corrective lens.

Wilkes argues that the verdict is void as to Count 2 due to the jury's verdict as to Count 1. OCGA § 17-9-2 provides, in part, that "[v]erdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity." It is reasonable to conclude from the face of the verdict that the jury intended (1) to convict Wilkes of vehicular homicide in the second degree based upon the underlying offense of failing to obey a traffic signal, (2) to convict Wilkes of the failure to obey the instructions of an official traffic control device alone, (3) to convict Wilkes for the failure to wear corrective lens violation, and (4) not to convict Wilkes for vehicular homicide in the second degree based on the underlying offense of failing to wear corrective lens.

Wilkes admits that the rule against inconsistent verdicts in criminal cases was abolished in *Milam v. State*, 255 Ga. 560, 562 (341 SE2d 216) (1986); however, he argues that the verdicts, in the present case, are mutually exclusive, thereby making the inconsistent verdict rule inapplicable. See *Thomas v. State*, 199 Ga. App. 586, 587 (405 SE2d 512) (1991), rev'd on other grounds, 261 Ga. 854 (413 SE2d 196) (1992). Wilkes' argument applies to situations in which the defendant has been charged with, and found guilty of, more than one crime which are mutually exclusive of each other. For instance in *Thomas*, the defendant was charged with, and found guilty of, the crimes of armed robbery of a car and theft by receiving the car he had stolen. 261 Ga. 854. Because an essential element of the crime of theft by receiving is that the goods received were stolen by someone other

than the defendant, the verdicts were mutually exclusive. Id. at 855. In the present case, the verdicts are not mutually exclusive.

Wilkes' assertion of error with regard to the verdict should have been made at the time the verdict was rendered. However, Wilkes' counsel argues on appeal that no objection was made to the form of the verdict because "[t]he verdict being in favor of the appellant/defendant it would have been infortuitous if trial counsel would have objected to it." Apparently, Wilkes' counsel did not want to give the jury the opportunity to render a verdict to which he could not assert an inconsistency on appeal. However, the failure to object to the form of the verdict contributed to any error, therefore, Wilkes cannot be heard to complain on appeal.

2. Next, Wilkes contends that the verdict form was "confusing, misleading, contrary to each other, and harmful as a substantive matter of law" thereby requiring a new trial. Again, Wilkes' counsel's failure to object to the form of the verdict at the time of its rendition is fatal to his argument. *Bissell v. State*, 153 Ga. App. 564, 567 (266 SE2d 238) (1980).

3. Finally, Wilkes argues that the evidence was insufficient to support a verdict of guilty on the convicted charge. We disagree. Two witnesses testified that the traffic light on the east/west side of the intersection was green. Wilkes' log-hauling truck approached the intersection from the north. Wilkes' testimony conflicted as to whether the light was red or yellow when he entered the intersection and collided with the victim's vehicle. Our review of the record in the light most favorable to the verdict indicates that the evidence was sufficient to support the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, pursuant to OCGA § 16-1-7, Wilkes' convictions on both Count 2 (homicide by vehicle in the second degree by failing to obey the instructions of an official traffic control device) and Count 3 (failure to obey the instructions of an official traffic control device) cannot stand as Count 3 is a lesser-included offense to Count 2. Therefore, Wilkes' conviction on Count 3 is reversed. *Nash v. State*, 179 Ga. App. 702 (347 SE2d 651) (1986). Wilkes' sentence is to remain the same as the trial court imposed no sentence as to Count 3.

*Judgment affirmed in part and reversed in part. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 4, 1993 —
RECONSIDERATION DENIED NOVEMBER 16, 1993

*Hudson & Montgomery, James Hudson, John O. Bouwsma,* for appellant.

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.