## A97A0881. MAYORGA v. THE STATE.
### (484 SE2d 292)

ELDRIDGE, Judge.

Appellant Raul Michael Mayorga challenges his conviction for false imprisonment, asserting that there was insufficient evidence to support the verdict. We affirm the conviction.

On December 20, 1995, the victim went to the appellant's motel room; the victim and appellant had met three weeks before, had been out together several times, and were friends. Shortly after the victim entered the motel room, appellant began making sexual advances toward her. The victim twice told him to stop and then attempted to leave. Appellant put his foot in front of the door and refused to let her leave. The victim became frightened and screamed; appellant put his hand over her mouth. Following this altercation, appellant and the victim had sexual intercourse; it is disputed whether or not the victim consented to such contact. After intercourse, the victim took the appellant to a Waffle House restaurant, where she secretly notified a waitress that she had been raped and asked the waitress to call 911. Police officers arrived shortly thereafter and talked to the victim and appellant separately. The officers then took the victim to the hospital for a rape examination.

Appellant was questioned by a police detective and was charged with false imprisonment and rape. A jury trial was held June 24 through 26, 1996, and the jury reached a verdict of guilty on Count 2 of the indictment, false imprisonment. The jury deadlocked on the rape charge, a mistrial was declared, and the state subsequently nolle prossed the charge. Appellant was sentenced to ten years imprisonment, and he timely appealed his conviction.

When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61

LE2d 560) (1979). A person is guilty of false imprisonment "when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41.

In the case sub judice, the victim testified that she attempted to leave the room and that appellant stopped her and threw her to the bed. She also testified that the appellant forcibly pulled down her pants so that she was "trapped," and later held her down during intercourse. Further, the state presented testimony from several witnesses, all of which supported the victim's testimony that appellant forcibly prevented her from leaving the motel room. The appellant, himself, admitted that he stopped the victim from leaving by putting his foot in front of the door and that, in response, the victim "cowered" and became frightened. He also admitted that the victim screamed and that he covered her mouth with his hand. This evidence is more than sufficient to support appellant's conviction for false imprisonment.

Appellant's assertion that the conviction is inconsistent with the fact that the jury deadlocked on the rape charge is meritless. The two outcomes are not mutually exclusive and are based on entirely independent crimes. See *Wilkes v. State*, 210 Ga. App. 898, 899 (437 SE2d 837) (1993). Further, appellant waived any such assertion by failing to object to the form of the verdict at the time it was rendered. Id.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 14, 1997.

*William H. Turner, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Rita B. Jackson, Assistant District Attorney*, for appellee.