A06A2456. SMITH v. THE STATE.
(638 SE2d 791)

BLACKBURN, Presiding Judge.

Following a jury trial, Melvin Smith appeals his conviction for rape and false imprisonment, contending (i) his acquittal on the first rape charge required an acquittal on the second rape charge; (ii) the trial court erred in admitting the victim's statement given to her treating physician; (iii) he was denied his right to a speedy trial; (iv) he received ineffective assistance of counsel; and (v) the court erred in sentencing him on the rape charge of which he was acquitted. We agree (and the State concedes) that the court erred in imposing a sentence on the wrong rape count, and we vacate this portion of the sentence and remand the case for resentencing on the correct rape count. In all other aspects of the judgment, we affirm, as the other enumerations of error lack merit.

---

[11] *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 417 (2) (620 SE2d 655) (2005).

[12] Id.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that Smith hid in a closet in his ex-girlfriend's empty residence and surprised the ex-girlfriend's 17-year-old daughter when she came home around noon to change clothes. Smith demanded that the daughter reveal the whereabouts of her mother. When the daughter pled ignorance, Smith forced her into the mother's bedroom, where he pulled out a knife and, placing it to her stomach, said that if he could not have the mother, he would have her. Using the knife and threats, he forced the daughter to disrobe, to lie on the bed, and to engage in vaginal intercourse with him.

Standing guard over her with the knife, Smith refused to allow the daughter to leave the bedroom; hours later, between 5:00 and 6:00 p.m., he forced vaginal intercourse upon her a second time. Shortly thereafter, the mother and her relatives appeared and rescued the daughter, and police apprehended Smith in a nearby abandoned house where he was hiding after escaping the mother's residence.

Charged with two counts of rape and single counts of aggravated assault, terroristic threats, and false imprisonment, Smith's defense at trial was that the entire affair was consensual. The court granted Smith a directed verdict on the terroristic threats count, and, acquitting Smith on the first rape count and the aggravated assault count, the jury found him guilty on the second rape count and the false imprisonment count. The court sentenced Smith to twenty years imprisonment on the first rape count and to ten consecutive years on the false imprisonment count. After being appointed appellate counsel, Smith moved for a new trial, asserting ineffective assistance of counsel, which motion the trial court denied after a hearing. A second appellate counsel brings this appeal.

1. Smith's first and second enumerations argue that the trial court erred in accepting the verdict as rendered, in that the acquittal on the first rape count necessarily meant that the entire encounter was consensual and that therefore no showing of force sustained the second rape conviction or the false imprisonment conviction. Smith further argues that the two rape counts were insufficiently differentiated in the indictment, in that they both alleged rape on the same day against the same victim, with the only difference being that the second count (Count 5) was alleged to be "SEPARATE AND DISTINCT FROM COUNT 1 OF THIS INDICTMENT."

Smith has waived these arguments. Regarding the alleged conflict between the jury's findings in the verdict on the two rape charges, the trial court specifically inquired after the verdict was rendered whether Smith had any objections to the form of the verdict, to which

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Smith affirmatively responded that he had none. A defendant waives any argument that the verdict contains mutually exclusive findings or is otherwise inconsistent, confusing, or irregular if he fails to object to the form of the verdict. *Webb v. State.*[2] Indeed, in *Wilkes v. State,*[3] we held that by failing to object to the form of the verdict, the defendant had waived his argument that the jury's acquittal of him on the first count of homicide precluded the jury from finding him guilty on the second nearly identical count of homicide. Similarly, Smith's failure to object to the form of the verdict here waived his argument that the jury's acquittal of him on the first rape count precluded the jury from finding him guilty on the second rape count.

Moreover, even if this matter were not waived, we note that the underlying premise of Smith's argument is that the verdict is inconsistent. But

> Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.

*Stevenson v. State.*[4] See *Floyd v. State*[5] (because inconsistent verdict rule was expressly abolished in criminal cases in 1986, acquittal on one murder charge did not require acquittal on the other murder charge).

Regarding the alleged lack of specificity in the two rape counts that supposedly precluded Smith from being able to differentiate between those counts, we note that if Smith wanted greater specificity with regard to the time or circumstances of the alleged rapes, "his appropriate remedy was a pre-trial special demurrer" that challenged the form of the indictment. *Pless v. State.*[6] See *Croft v. State*[7] ("[a] contention that a count of the indictment lacks sufficient specificity . . . is an attack on the form of the indictment, which must be

---

[2] *Webb v. State*, 270 Ga. App. 817, 818 (2) (608 SE2d 241) (2004).
[3] *Wilkes v. State*, 210 Ga. App. 898, 899 (1) (437 SE2d 837) (1993) (physical precedent only).
[4] *Stevenson v. State*, 272 Ga. App. 335, 336 (1) (612 SE2d 521) (2005).
[5] *Floyd v. State*, 272 Ga. 65, 69 (7) (525 SE2d 683) (2000).
[6] *Pless v. State*, 279 Ga. App. 798, 800 (2) (633 SE2d 340) (2006).
[7] *Croft v. State*, 278 Ga. App. 107, 109 (3) (628 SE2d 144) (2006).

addressed by filing a special demurrer to the indictment"). Such a special demurrer must be filed before pleading not guilty to the indictment; otherwise, the matter is waived. Id. at 109-110 (3). "Raising the issue for the first time on appeal [as Smith has done here] is too late." *Pless,* supra, 279 Ga. App. at 800 (2).

Moreover, even if this matter were also preserved for appeal, the language in the second rape count that that count was "separate and distinct" from the first rape count (though both were alleged to have occurred on the same day against the same victim) would appear to be sufficiently specific. See *Henry v. State.*[8]

Accordingly, the arguments raised in Smith's first two enumerations of error were waived and would have failed in any case.

2. Smith's third enumeration urges that the court erred in admitting over his objection a statement given by the victim to her treating physician regarding the cause and circumstances of her injuries. In this statement, the victim recounted to the physician that Smith had attacked her in her mother's home, forcing her at knifepoint to twice engage in vaginal intercourse with him. Smith contends that this hearsay statement did not meet the exceptions set forth under the child hearsay statute (OCGA § 24-3-16) or the medical diagnosis statute (OCGA § 24-3-4).

Smith, however, fails to address the basis on which the trial court did admit the statement, which was that it constituted a prior consistent statement of the victim. As set forth in *Tuff v. State,*[9]

[a] witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.

(Footnote omitted.)

Here, the victim testified at trial and was cross-examined by Smith. During that cross-examination, Smith insinuated that improper motive was the reason she testified that the sex was nonconsensual. Specifically, as he had asserted in opening statement, Smith implied during cross-examination that because the victim's mother would have been upset if she believed her daughter were having

[8] *Henry v. State,* 274 Ga. App. 139, 141-142 (2) (616 SE2d 883) (2005).
[9] *Tuff v. State,* 278 Ga. 91, 94 (4) (597 SE2d 328) (2004).

consensual sex with the mother's old boyfriend, the victim had falsely testified that Smith forced her to engage in sex, which testimony was designed to preserve her relationship with her mother and to continue her receipt of food and shelter from her mother. Accordingly, the victim's prior consistent statement to her physician was thereafter properly admitted. See *Shields v. State*[10] ("both the cross-examination and the opening statement by the defense implied that the victim's allegations were improperly motivated"; victim's prior consistent statement properly admitted).

3. Smith's fourth enumeration claims that his constitutional right to a speedy trial was denied. Specifically, he asserts that the 26-month delay between his first indictment in February 2000 and his trial in April 2002 denied him his right to a speedy trial. He twice moved to dismiss the charges on these grounds, and reasserted this as a ground in his motion for a new trial.

Smith bases his argument on the traditional balancing process of *Barker v. Wingo*,[11] in which "the four factors to be considered are the length of the delay, the reason for the delay and whether this is attributable to the defendant or the [S]tate, the timeliness of the defendant's assertion of the right to a speedy trial, and prejudice to the defendant." *Jackson v. State*.[12]

Assuming the 26-month delay to be presumptively prejudicial, see *State v. Bazemore*,[13] we note that the second factor weighs decidedly against Smith in light of (a) the inordinate delay caused by Smith's twice persuading the court to appoint him new counsel and thrice having the assigned trial judge recused (see *Jackson*, supra, 279 Ga. at 452-453 (3) (defense recusal motions and motions to change counsel count against defendant)), and (b) Smith's defense counsel's expressly eschewing the pro se speedy trial demand and declining the court's offer for an earlier trial. Indeed, Smith's trial counsel stated that as of February 2002 (24 months after the first indictment), he was not yet ready to proceed to trial.

The third factor also weighs against Smith, in that he did not assert his right to a speedy trial until 14 months after his indictment, and even so his counsel refused to adopt this pro se demand when the court inquired about this demand in February 2002. See *Jackson*, supra, 279 Ga. at 453 (3). Finally, the only alleged prejudice caused by the delay was Smith's inability to obtain certain local phone records (which would allegedly show he lived at the mother's residence at the

---

[10] *Shields v. State*, 264 Ga. App. 232, 237 (2) (590 SE2d 217) (2003).
[11] *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[12] *Jackson v. State*, 279 Ga. 449, 451-452 (3) (614 SE2d 781) (2005).
[13] *State v. Bazemore*, 249 Ga. App. 584, 585 (1) (a) (549 SE2d 426) (2001).

time of the crimes), which records were no longer available six months after the August 1999 date of the alleged crimes. Because Smith did not even assert a pro se right to a speedy trial until April 2001, this evidence was long gone before Smith ever demanded a speedy trial. Moreover, regardless of when the trial took place, Smith could have subpoenaed and obtained these records soon after his arrest and indictment. The delay in scheduling the trial did not encumber his ability to obtain these records.

Accordingly, Smith's constitutional right to a speedy trial was not infringed.

4. Smith contends that the trial court erred in denying his motion for new trial on ineffective assistance grounds. He claims that his counsel acted deficiently in six different ways, only two of which were raised in his motion for new trial hearing. The two are that his counsel failed to call certain witnesses to prove that he lived at the mother's residence at the time of the alleged crimes and that his counsel failed to obtain the local phone records to prove this same point.

Smith's first appellate counsel failed to raise the other four ineffective assistance grounds in his motion for new trial or at the hearing thereon. "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived." (Punctuation omitted.) *Womack v. State.*[14] Such claims unasserted at the trial level are "procedurally barred." *Upshaw v. State.*[15]

Smith's attempt to raise these claims under the guise of an ineffective assistance of appellate counsel claim does not alter our conclusion.

> A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment.

(Footnote omitted.) *Upshaw*, supra, 257 Ga. App. at 202 (4). See *Howard v. State.*[16]

---

[14] *Womack v. State*, 273 Ga. App. 300, 307 (4) (614 SE2d 909) (2005).
[15] *Upshaw v. State*, 257 Ga. App. 199, 202 (4) (570 SE2d 640) (2002).
[16] *Howard v. State*, 281 Ga. App. 797, 804 (6) (637 SE2d 448) (2006).

Regarding the two claims argued at the motion for new trial, Smith bore the burden of proving that his trial counsel's performance was deficient and that, but for this deficient performance, a reasonable probability existed that the trial could have ended differently. *Meeker v. State*.[17] See *Strickland v. Washington*.[18] Regarding the first prong, "[t]here is a strong presumption that counsel's conduct fell within the broad range of professional conduct." *Harris v. State*.[19] Indeed, in making this showing on the first prong, Smith "must rebut by clear and convincing evidence the strong presumption that his attorney was effective." *Jones v. State*.[20] Otherwise, "[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic" and are virtually unassailable as ineffective. (Punctuation omitted.) *Patel v. State*;[21] see *Hamilton v. State*[22] ("[s]trategic choices made after thorough investigation are virtually unchallengeable") (punctuation omitted).

Because of this heavy burden borne by the defendant and the presumption of strategy by trial counsel, "the failure to call trial counsel as a witness in the motion for new trial hearing alone allows the trial court to assume that the matter was a deliberate trial strategy and to rule against defendant's claim of ineffective assistance." *Baker v. State*.[23] See *Cox v. State*[24] (failure to call trial counsel as witness authorized trial court to find that defendant failed to rebut the presumption of effectiveness by clear and convincing evidence). The only exception to this rule is where the matter relates to an error allegedly made during the course of the trial that can be determined purely from the trial record, *Baker*, supra, 251 Ga. App. at 379 (2), which is not the case here where the matters concern the decision as to which witnesses to call (normally "a matter of trial strategy and tactics" that must be addressed outside the trial record, see *Dickens v. State*[25]) and concern the obtaining of certain phone records, which are not even in the record before us.

Here, Smith did not call his trial counsel at the motion for new trial hearing. Nor was he able to produce the phone records to show that such would have been relevant or helpful to his case. See *Deal v.*

---

[17] *Meeker v. State*, 282 Ga. App. 77, 80 (4) (637 SE2d 806) (2006).
[18] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[19] *Harris v. State*, 268 Ga. 412 (490 SE2d 96) (1997).
[20] *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005).
[21] *Patel v. State*, 279 Ga. 750, 754 (c) (620 SE2d 343) (2005).
[22] *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001).
[23] *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001).
[24] *Cox v. State*, 279 Ga. 223, 227 (6) (610 SE2d 521) (2005).
[25] *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006).

*State*[26] ("the purported documents are not part of the record, so it is impossible for us to determine if . . . they actually would have helped his defense"). Accordingly, we hold that the trial court did not clearly err in finding that Smith failed to overcome the presumption of effectiveness. See *Harris*, supra, 268 Ga. at 412-413.

5. As conceded by the State, Smith correctly argues that the trial court erroneously sentenced him on Count 1 of the indictment, which was the rape charge on which Smith was acquitted. See *Gooch v. State*[27] (court may not sentence defendant on count on which he was acquitted). The court apparently confused the two rape charges (Counts 1 and 5) when entering the sentencing order. Accordingly, we vacate the sentence on Count 1 and remand the case for resentencing on Count 5, on which Smith was found guilty of rape.

*Judgment affirmed in part, sentence vacated on Count 1, and case remanded for resentencing on Count 5. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 8, 2006.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys*, for appellee.

---

[26] *Deal v. State*, 241 Ga. App. 879, 882 (3) (528 SE2d 289) (2000).
[27] *Gooch v. State*, 249 Ga. App. 643, 647 (4) (549 SE2d 724) (2001).