## A09A1983. ALLEN v. THE STATE.
### (691 SE2d 882)

ADAMS, Judge.

Seth Douglas Allen was charged with two counts of aggravated child molestation and one count of child molestation. A jury found Allen guilty on one count of aggravated child molestation and not guilty on the remaining charges. Allen appeals following the denial of his motion for new trial, contending that his trial counsel was ineffective.

The record shows that trial counsel filed a motion for new trial following Allen's conviction. However, Allen was then appointed new counsel to represent him during post-trial proceedings. That counsel ("hearing" counsel) filed an amendment to the motion for new trial[1] raising, among other things, ineffectiveness of trial counsel. After

---

[1] It is obvious from the hearing transcript and the trial court's order that the motion was

extensive questioning of trial counsel at the hearing on the motion for new trial, hearing counsel argued to the court that trial counsel was ineffective in the following ways: (1) by failing to view a forensic videotape of the victim until shortly before trial; (2) by failing to request funding for or to obtain an expert witness to challenge the testimony of the forensic interviewer; (3) by not investigating "new" evidence received shortly before trial and not asking for a continuance or objecting to the evidence because it was not timely provided; (4) by abandoning Allen's case for a period and by failing to interview certain witnesses and adequately prepare for trial. Allen also asserted that a conflict had arisen with his trial counsel because of a bar complaint he filed against her and thus the trial court erred by not appointing him new counsel prior to trial. In its order denying Allen's motion, the trial court addressed, and expressly rejected, each of these contentions.

Following the denial of his motion for new trial, Allen was once again appointed new counsel ("appellate" counsel), who subsequently filed the notice of appeal. On appeal, appellate counsel has asserted two additional instances of alleged ineffectiveness of trial counsel that were not raised and ruled on below.[2] Additionally, appellate counsel has requested that we remand the case for a hearing to determine the effectiveness of hearing counsel if we determine that hearing counsel waived these contentions by not raising them below or questioning trial counsel concerning these alleged failures.

> "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived." (Cit.) Such claims unasserted at the trial level are "procedurally barred." (Cit.) [Allen's] attempt to raise these claims under the guise of an ineffective assistance of [hearing] counsel claim does not alter our conclusion. "A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of [hearing] counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requir-

---

amended and that various grounds of ineffectiveness were asserted, but the amended motion was apparently never filed with the clerk of the lower court and it does not appear in the record on appeal.

[2] Both of these claims concern trial counsel's failure to object to certain testimony that was introduced at trial.

ing that ineffectiveness claims be raised at the earliest practicable moment."

*Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006). Recently, in *Wilson v. State*, 286 Ga. 141, 144 (4) (686 SE2d 104) (2009), our Supreme Court quoted the above language from *Smith*, and found our decisions on this issue "sound," and our rationale underlying these cases "persuasive." Id.

Thus, in line with our well established precedent on this issue, recently approved by our Supreme Court, we find Allen's new claims of ineffective assistance of trial counsel to be procedurally barred. Moreover,

> [Allen] cannot resuscitate the procedurally barred claims of ineffective assistance of trial counsel by bootstrapping them to a claim of ineffectiveness of [hearing] counsel. Accordingly, instead of remanding the case to the trial court to await another evidentiary hearing, we conclude that [Allen] may pursue his claim of ineffective [hearing] counsel only in a habeas corpus proceeding.

*Wilson*, 286 Ga. at 145 (4). Compare *Ruiz v. State*, 286 Ga. 146, 148 (2) (b) (686 SE2d 253) (2009).

*Appeal dismissed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MARCH 11, 2010.

Charles A. Jones, Jr., Jonathan L. Sharpley, for appellant.

Dennis C. Sanders, District Attorney, Durwood R. Davis, Rindi L. Harbeson, Kevin R. Majeska, Assistant District Attorneys, for appellee.