S11F1976. CURRAN v. SCHARPF.
(726 SE2d 407)

MELTON, Justice.

Aline Mary Curran (Wife) and Nikolaus Scharpf (Husband) were married on February 1, 1997, and, following a jury trial, were divorced pursuant to an April 8, 2011 Final Judgment and Decree. Following the denial of Wife's motion for new trial, Wife filed a timely application to appeal, which this Court granted pursuant to the now-expired Pilot Project, by which this Court granted all non-frivolous applications for discretionary review from a final judgment and decree of divorce.[1] On appeal, Wife contends that the trial court erred in upholding in the Final Decree the jury's allegedly erroneous finding that an Individual Retirement Account (IRA) in Husband's name was Husband's separate property that was not subject to equitable division. For the reasons that follow, we affirm.

1. As an initial matter, we must address Husband's claim on appeal that Wife waived any alleged error in the jury's verdict when her counsel stated affirmatively that Wife had no objections to the "form" of the verdict returned by the jury. Wife's failure to object to the *form* of the jury's verdict does not mean that Wife has somehow waived her right to make a *substantive* challenge to the evidentiary basis for the jury's award on appeal. Wife's argument has nothing to do with the "form" of the verdict. Indeed, the form of the verdict may have been just fine. It is the substantive finding by the jury in connection with the actual evidence presented at trial with which Wife has a problem, and it is not a problem that could have been fixed through any means connected with the form of the verdict itself. See, e.g., *Berry v. Risdall*, 1998 S.D. 18 (576 NW2d 1, 5) (SD Sup. Ct. 1998) (party did not waive right to challenge jury verdict by failing to object to verdict form where "[t]he alleged deficiencies in the verdict [were] not merely mechanical, but rather, they [went] to the heart of the jury's findings"). In short, there is a difference between problems as to form and substantive challenges to the sufficiency of the evidence that go to the heart of the jury's findings. Id. See also, e.g., *Beasley v. Wachovia Bank*, 277 Ga. App. 698 (1) (627 SE2d 417) (2006) (although party waived right to an "explanation" of the jury's

---

[1] The Pilot Project expired on June 30, 2011, and, effective July 1, 2011, was replaced by Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit.

damages award by failing to include method for calculation of damages on verdict form, Court of Appeals addressed other substantive challenges to sufficiency of evidence that had nothing to do with form of the verdict).

This Court has previously recognized that a failure to object to the form of a judgment, particularly in a domestic relations context such as the instant case, does not result in the waiver of a party's right to make substantive challenges to the lower court's final judgment on appeal:

> Where a final order is "approved by" counsel for both parties in writing . . . [i]t is not approval of the *substance* (result) of the order (if it were, the right of appeal would be waived), but a showing that counsel has seen the proposed order and agrees that it contains what the court orally directed be included in it. Counsel's "approval" thus is an indication of approval of the content or *form* of the order rather than its *substance*.

(Emphasis supplied.) *Rude v. Rude,* 241 Ga. 454, 455 (1) (246 SE2d 311) (1978). See also id. at 455 (1) ("After approving the *form* of the order, a party cannot complain of the court's *failure to include findings of fact and conclusions of law*" in the order) (emphasis supplied).

By failing to recognize the fundamental distinction between issues of form and those of substance that "go to the heart of the jury's findings" (*Berry,* supra), Husband is attempting to use a party's failure to object to form as a means of depriving that party of her right to assert a substantive challenge to the jury's findings on appeal. We cannot allow for the untenable result that would be obtained from adopting Husband's position, as it would create a rule where form would trump substance in a manner that makes no sense. In this connection, to the extent that *Ray v. Stinson,* 254 Ga. 375 (329 SE2d 502) (1985) can be read to support the anomalous conclusion that a party's failure to object to the form of a verdict results in the waiver of its right to make substantive arguments on appeal, the case is hereby disapproved and should no longer be followed.

The analysis of the special concurrence only underscores the untenable results that would obtain from the rule that Husband would like this Court to endorse. Indeed, on the one hand, the special concurrence argues that the jury's verdict is unsupported by the

evidence,[2] which would make the jury's verdict substantively unauthorized, and then, on the other hand, the special concurrence goes on to conclude that Wife is precluded from making a *substantive* (and winning) argument on appeal about the jury's unauthorized finding based on her failure to object to the *form* of the jury's verdict below. It cannot be the case that a party who consents to providing the jury with the necessary choice of determining the status of assets on a verdict form is prohibited from challenging the jury's substantive findings on appeal if there is no evidence to support them. See *Berry*, supra. We therefore conclude that no waiver occurred in this case.

2. However, because at least some evidence supports the jury's determination that Husband's IRA was his separate property, we must affirm the trial court's decision. See *Bloomfield v. Bloomfield*, 282 Ga. 108 (1) (646 SE2d 207) (2007) (findings of fact regarding status of property as marital or non-marital asset will be upheld on appeal where supported by any evidence). Indeed, the evidence revealed that Husband may have had several different retirement accounts, with some ambiguity existing as to which ones were marital property and which ones may have been his separate property. As the final arbiter of questions of fact and witness credibility, the jury was free to reject portions of Husband's testimony and conclude from the remaining evidence that this particular IRA in Husband's name may in fact have remained his separate property. See, e.g., *Bass v. Bass*, 264 Ga. 506, 508 (448 SE2d 366) (1994) (appreciation of non-marital asset during marriage caused only by market forces not subject to equitable division).

*Judgment affirmed. All the Justices concur, except Benham, J., who concurs specially.*

BENHAM, Justice, concurring specially.

I agree that the trial court's judgment should be affirmed, but I cannot agree with the majority that there was evidence to support the jury's determination that Husband's retirement account was his separate property. The only evidence was Husband's testimony that he had contributed $49,000 to the account during his marriage to Wife, and that his employer also had made contributions to the account during the marriage.[3] Property "acquired as a direct result of the labor and investments of the former husband during the course of the marriage . . . is subject to equitable division." *White v.*

---

[2] As shown in Division 2, infra, we disagree with this conclusion, as at least some evidence supports the jury's finding and it is not this Court's duty to judge the credibility of witnesses.

[3] Husband testified that his contributions were made to a 401(k) account that was rolled over into the IRA when he left that employment.

*White*, 253 Ga. 267, 269 (319 SE2d 447) (1984). Retirement benefits acquired during the marriage are marital property subject to equitable division. *Taylor v. Taylor*, 283 Ga. 63 (656 SE2d 828) (2008). As a result, the amount contributed to the retirement account by Husband and his employer during the marriage is marital property subject to equitable division, and the jury's verdict finding the account to be Husband's separate property is reversible because it is without evidentiary support. See *Payson v. Payson*, 274 Ga. 231 (1) (b) (552 SE2d 839) (2001).

I believe the trial court's judgment should be affirmed, however, because Wife waived any alleged error in the jury's verdict when her counsel stated affirmatively that Wife had no objections to the form of the verdict returned by the jury. After the closing arguments, counsel for each side agreed to the special verdict form the trial court proposed to give the jury. The verdict form listed the various items of property and instructed the jury to determine which items were separate property and which were marital, to indicate which spouse owned the separate property, and to divide the marital property. Upon the jury's return of the completed verdict that found the retirement account to be Husband's separate property and the publication of the verdict by the court clerk, the completed verdict form was displayed to counsel for the parties and the trial court inquired if there was any objection to the form of the verdict as framed, to which both counsel affirmatively stated there was no objection.

The phrase "form of the verdict" may arise in three distinct set of cases: (1) where the form of the verdict provided to the jury was allegedly in error (see, e.g., *Cheddersingh v. State*, 290 Ga. 680 (724 SE2d 366) (2012); *Anthony v. Gator Cochran Constr.*, 288 Ga. 79 (702 SE2d 139) (2010)); (2) the way in which the jury wrote the verdict was allegedly in error (see, e.g., *Williams v. State*, 46 Ga. 647 (1872); *Wilkes v. State*, 210 Ga. App. 898 (437 SE2d 837) (1993)); or (3) the substance of the verdict was allegedly in error. See, e.g., *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502) (1985); *Smith v. State*, 282 Ga. App. 339 (638 SE2d 791) (2006); *Evans v. Maiuro*, 170 Ga. App. 672 (318 SE2d 69) (1984). A claim to a new trial on the basis of the form of the jury's verdict is waived when the appellant fails to object to the form of the verdict before the jury is discharged. *Ray v. Stinson*, supra, 254 Ga. 375 (appellant's contention that the verdict is invalid on its face is waived since counsel for appellant, after the return of the verdict, responded in the affirmative when asked if the verdict was in proper order). Waiver occurs when a party "made no objection to the verdict when it was announced so as to enable the jury which heard the evidence to return a proper verdict. Upon hearing an improper verdict rendered, a litigant should not sit silently by,

hoping to gain a retrial by failing to object. [Cit.]" *Clifton v. Clifton*, 249 Ga. 831 (2) (294 SE2d 518) (1982). See *Ga. R. &c. Co. v. Tompkins*, 138 Ga. 596, hn. 9 (75 SE 664) (1912) (where the verdict did not reflect on which of the two counts it was based, "if this furnished any ground for objection to the verdict when returned, it was no cause for a new trial in the absence of any such objection").

By its very nature, this waiver exists only when a *jury* returns a verdict. Compare *Rude v. Rude*, 241 Ga. 454 (246 SE2d 311) (1978), cited by the majority. The Rudes had a *bench* trial and this court ruled that a written waiver of findings of fact and conclusions of law occurred when counsel signed the final order under the recital "Approved By."[4] The requirement that an objection to the form of the verdict be voiced before the jury is dispersed is obvious — the only way to remedy the error in the jury's verdict form is to have a new trial. Where, however, a judge sits as trier of fact and makes an error in the form of the verdict, the judge may correct the error without presiding over a new trial. See, e.g., *Payson v. Payson*, supra, 274 Ga. at 233 (2).

There is, however, an exception to the rule that the failure to object to the form of the verdict prior to the discharge of the jury constitutes a waiver. "[A] party does not waive an objection to a verdict that is void, as opposed to voidable, by failing to object to the verdict form or the verdict as rendered before the jury is released." *Benchmark Builders v. Schultz*, 289 Ga. 329 (1) (711 SE2d 639) (2011). That is so because we cannot endorse entry of a valid judgment on a void verdict solely due to a party's failure to object to the void verdict before the jury is dismissed. *Anthony v. Gator Cochran Constr.*, supra, 288 Ga. at 80. A verdict is void when the jury does something it is not authorized to do, e.g., it returns an inconsistent verdict (id.); it, in the absence of an award of damages or affirmative relief, awards attorney fees under a statute authorizing such an award only to the "prevailing party" (*Benchmark Builders v. Schultz*, supra, 289 Ga. 330 (1)); it returns a purportedly unanimous verdict that, upon polling the jury, a juror states is not his verdict (*Benefield v. State*, 278 Ga. 464, 466 (602 SE2d 631) (2004)). Where the verdict is one that the jury properly could have found, the jury's verdict is not illegal and void. Since the jury was authorized to

---

[4] *Berry v. Risdall*, 1998 S. D. 18 (576 NW2d 1) (SD Sup. Ct. 1998), cited by the majority, is not applicable to the case at bar because South Dakota's statute governing the procedure to be followed when a jury verdict is announced (SDCL 15-14-30) is applicable only "where a verdict is irregular on its face and can be easily corrected as in the case where interest is omitted or the foreman fails to sign the verdict." Id., 576 NW2d at 7. Other verdict irregularities must be addressed in a motion for new trial. In Georgia, we have not made such a distinction.

determine whether the IRA was marital property or Husband's separate property, the jury's verdict is not a *void* verdict. As a result, appellant waived her objection to the verdict when she failed to object to it after it was rendered and prior to the release of the jury.

I would affirm the judgment of the trial court because Wife waived her objection to the verdict when she failed to object to it after it was rendered and prior to the release of the jury.