## 59920. SMITH v. GODFREY et al.

DEEN, Chief Judge.

The appellant suffered a fire that destroyed his home and furnishings under circumstances which strongly indicated by circumstantial evidence that the blaze originated in the plaintiff's attic where the defendant Godfrey, a service contractor, with the aid of the co-defendants, the retailer Mechanical Equipment Co. and the manufacturer Friedrich Air Conditioning and Refrigeration Co. were variously concerned in the repair of a heating and air conditioning system in consequence of a bad compressor in the heat pump. The trial resulted in a verdict in favor of all defendants and the plaintiff appeals.

1. The court charged: "The duty of the defendant manufacturer in this case was to produce a machine which met the measure of care adopted by industry generally and as fixed by the general custom of the trade . . . [The] plaintiff has the burden of proving to your satisfaction by a legal preponderance of the evidence that the defendant manufacturer failed to produce a machine which met the measure of care adopted by such industry generally and as fixed by the general custom of such industry as it existed when the machine was manufactured. *Upon the failure of the plaintiff in this case to carry such a burden of proof, it would be your duty to return a verdict for the defendant manufacturer.*" (Emphasis supplied.) Code § 20-704 (3) which sanctions reliance on the custom of a trade or business universally practiced is a rule for the construction of contracts, not for determining liability in tort actions. *Wright v. Concrete Co.,* 107 Ga. App. 190 (8) (129 SE2d 351) (1962). Most authorities support the rule that conformity to custom is not in itself the exercise of due care in negligence actions. 57 AmJur2d 430, § 79. This standard was adopted in *Moody v. Southland Invest. Corp.,* 126 Ga. App. 225, 233 (190 SE2d 578) (1972) holding that custom, while

relevant and admissible in evidence on the issue of negligence, is not conclusive. To instruct the jury that if the plaintiff failed to prove by a preponderance of evidence that the equipment did not meet the standard fixed by the general custom of the industry they must find for the manufacturer, without consideration of whether ordinary care had been used in the design and manufacture of the equipment, placed too great a burden on the plaintiff, especially where the instructions failed to caution that the jury must also be persuaded that the custom or standard of the industry was itself an exercise of ordinary care.

The appellant, however, urges that any such error would be harmless because the evidence demands a verdict in favor of this defendant. We do not find the verdict was demanded. It is true that there is some uncontradicted expert testimony which would sustain the appellant's contention, but expert testimony is not absolutely obligatory on the jury, even where uncontradicted. *Edge v. Edge,* 134 Ga. App. 162 (213 SE2d 540) (1975). We do not agree that a verdict was demanded or that the error was harmless.

2. We do not find that the question of implied warranty sought to be added by the plaintiff to his pleadings after the conclusion of the evidence was an issue in the case as tried with the implied consent of the parties. It was therefore not error to refuse the amendment after the evidence had closed. *Smith v. Smith,* 235 Ga. 109, 114 (218 SE2d 843) (1975).

3. The court charged that if the jury found the evidence equally balanced, just as strong on one side as on the other, then the preponderance of evidence "would not be carried" and the jury would find for the side which did not have the burden of proof. The criticism that the charge was error because the term was not otherwise defined is without merit. *New York Life Ins. Co. v. Bradford,* 55 Ga. App. 248 (8) (189 SE 914) (1937).

4. A slip of the tongue by the judge in saying "damage" when he meant "interest" was immediately corrected by the language "that is, you cannot legally find a given amount for principle with an additional amount of interest." Since the verdict was in favor of all defendants, any error going solely to damages would in any event be harmless. *Delta Corp. v. Knight,* 109 Ga. App. 3 (135 SE2d 56) (1964).

5. Lastly, it is earnestly contended that the court unduly repeated instructions on the foreseeability of consequences in such manner as to amount to an expression of opinion on his part that the defendants should prevail. It is true that in the entire charge the question of foreseeability of consequences or anticipation of injury was referred to in three areas of the charge — in defining the standard

of care owed by the defendants generally, in expatiating on the doctrine of proximate cause and, lastly, in referring specifically to the duty of the defendant manufacturer toward the plaintiff. The entire charge covers 373 lines of which between 20 and 25, or about 6 percent, is concerned with one or another phase of this important subject. After carefully reading the entire charge in context we are convinced that any redundancy in this area would not have prejudiced the jury in favor of the defendants. In a lengthy trial where there are three defendants whose interests are far from identical we cannot say as a matter of law that reversible error was committed. *Mere* repetition, unless prejudice appears, is not alone sufficient to overthrow a jury verdict. *F. N. Roberts Corp. v. Sou. Bell Tel. & Tel. Co.,* 132 Ga. App. 800 (209 SE2d 138) (1974); *Smith v. Varner,* 130 Ga. App. 484 (203 SE2d 717) (1973).

*The judgment of the trial court is affirmed as to the defendants Godfrey d/b/a Godfrey Air Conditioning & Heating and Mechanical Equipment Co. Judgment reversed as to Friedrich Air Conditioning & Refrigeration Co. Carley and Sognier, JJ., concur. Birdsong, J., not participating.*

ARGUED MAY 6, 1980 — DECIDED JUNE 27, 1980.

*Jerry Willis, Allen B. Keeble,* for appellant.
*David H. Tisinger, Arnold Wright, Jr., A. Timothy Jones, John H. Stanford, Jr., L. Lin Wood, Jr.,* for appellees.