43326. GEORGIA POWER COMPANY v. KALMAN FLOOR COMPANY.
(350 SE2d 421)

SMITH, Justice.

In February 1985, a Fulton County jury reached a verdict for the respondent, Kalman Floor Company, rejecting the claim of the petitioner, Georgia Power, against Kalman for breach of contract. The

Court of Appeals found that despite Georgia Power's claims to the contrary, the trial court had correctly charged the jury on negligence principles. We granted certiorari in order to consider whether a jury charge on negligence principles was appropriate in this case. We reverse.

Kalman won a contract to install flooring at Georgia Power's Plant Bowen. During the installation, one of Kalman's workmen applied water to an open grate in the floor. The water ran down into an open switchgear cabinet, setting off a chain reaction which destroyed the switchgear, and, ultimately, a transformer located just outside of the actual plant.

Prior to trial, Georgia Power elected to sue Kalman solely for breach of contract, abandoning a tort claim that it had asserted in the original complaint. At trial, the parties introduced the contract into evidence and produced evidence intended to prove or disprove a breach of contract on Kalman's part. Kalman claimed that the contract imposed tort standards upon both parties, bringing Georgia Power's allegedly negligent plant design into issue and justifying a jury charge on contributory negligence. The court charged the jury, "[if] you find that the defendant herein was negligent, but further find that . . . the plaintiff by the exercise of ordinary care could have discovered and avoided the negligence of the defendant, then the plaintiff cannot recover." The jury returned a verdict for Kalman.

A trial judge should charge a jury on the legal issues raised by the complaint and answer adjusted to the evidence introduced at trial. *Martin v. Nichols*, 127 Ga. 705 (56 SE 995) (1907). Here, the answer and complaint, as amended, dealt with contract law to the exclusion of tort law. In this situation, tort law will be irrelevant to the case absent contractual incorporation of tort standards into the case. See Prosser on Torts, pp. 664-66 (5th ed. 1984).

The contract between Kalman and Georgia Power indemnified Georgia Power for damage caused by any careless acts committed by Kalman's employees. The contract granted Georgia Power the authority to dismiss any Kalman employees found to be acting without due care. While the *contract* provisions might call for a definition of the due care imposed upon Kalman employees, they did not impose upon Georgia Power a contractual duty to avoid contributory negligence.

Whether or not Georgia Power had a duty of ordinary care to discover and avoid Kalman's negligence, where possible, as a condition for recovery for a breach of contract by Kalman was a question of interpretation of the langauge of the contract by the jury in light of applicable contract law. The trial court should not have charged the jury that Georgia Power had a duty to exercise ordinary care in discovering and avoiding consequences of negligent acts of Kalman employees.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 25, 1986 —
RECONSIDERATION DENIED DECEMBER 17, 1986.

*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shell-house, Swift, Currie, McGhee & Hiers, John C. Stivarius, Jr.,* for appellant.

*Freeman & Hawkins, Alan F. Herman, Lawrence J. Myers, Edgar A. Neely, Jr.,* for appellee.