## A05A1776. BEASLEY v. WACHOVIA BANK.

(627 SE2d 417)

BLACKBURN, Presiding Judge.

Following a jury trial, Bernice Beasley appeals the verdict and judgment entered against her and in favor of Wachovia Bank, awarding the bank $1 million on her guaranty of the unpaid business debts of Mechanical Maintenance. She argues that the evidence did not support the verdict and that the court erred in its jury instructions. We disagree and affirm.

Construed in favor of the verdict, *Jordan v. Stephens*,[1] the evidence shows that in October 1997, Beasley executed a guaranty in favor of First Union Bank, guaranteeing all present and future debts of Mechanical Maintenance (a company operated by her and her husband) owed to First Union. Over the next several years, First Union relied on the guaranty to make loans to Mechanical Maintenance, which were represented by three promissory notes: a $771,401.04 note dated April 17, 1998; a $393,000 note dated May 14, 2001; and a $1,000,000 note dated April 16, 2001. Mechanical Maintenance eventually went bankrupt, and the amount due on the three notes after applying all proceeds from the bankruptcy was $1,250,701.10.

Through a merger, First Union Bank became Wachovia Bank, and Wachovia sued Beasley on her guaranty to recover the outstanding debt. Beasley raised several affirmative defenses in her answer, including lack of real party in interest and failure of consideration. Based on a general verdict form, a jury awarded Wachovia $1 million, and the court entered judgment accordingly. Following the denial of her motion for new trial, Beasley appeals.[2]

1. Claiming the court erred in denying her motion for new trial on general grounds, Beasley challenges the sufficiency of the evidence on several fronts. As to the review of a court's denial of a motion for new trial based on the general grounds in a civil case, "the proper standard on appellate review is the 'any evidence' test. The court construes the evidence most favorably toward the party opposing the motion for . . . new trial." (Punctuation omitted.) *Jordan*, supra at 10 (3).

(a) *No evidence supported the $1 million award amount.* Beasley first claims that no evidence supported the $1 million amount of the

---

[1] *Jordan v. Stephens*, 221 Ga. App. 8, 10 (3) (470 SE2d 733) (1996).

[2] Wachovia challenges Beasley's right to pursue this appeal, arguing that she has filed for bankruptcy and that only the bankruptcy trustee has standing to pursue this appeal. However, nothing in the record reflects the filing of any bankruptcy petition by Beasley. "Statements of fact in the briefs of the parties unsupported by evidence in the record cannot be considered on appeal." (Punctuation omitted.) *Smith v. Ga. Asset Properties*, 251 Ga. App. 595, 596 (1) (554 SE2d 561) (2001).

verdict, in that no evidence showed that the monies due the bank amounted to the precise figure of $1 million. Rather, the evidence showed that the amount outstanding on the debts owed by Mechanical Maintenance (including principal, interest, and late charges) was $1,250,701.10. We hold that based on this evidence alone, the $1 million jury award was well "within the range of damages established by the evidence and will not be disturbed." *Watkins & Watkins, P.C. v. Williams*.[3]

Beasley's argument that the amount awarded must be precisely the amount proven (or some lesser amount that is based on a verifiable formula apparent from the record) is unsupported by the law. Indeed, we have often upheld jury verdicts that awarded less than the amount proven at trial, holding only that the amount must be within the range of damages shown, not that the amount may only be a lesser amount if calculated according to some proven formula. See, e.g., *Willis Mining, Inc. v. Noggle*[4] (jury award of $300,000 upheld as within the range of damages where plaintiff showed damages of $532,000 with no formula for discounting to the lower figure); *Brock v. Douglas Kohoutek, L.P.*[5] (where some evidence supported a request of more than $1 million, jury award of $575,000 upheld despite appellant's complaint that no evidence showed damages in the precise amount of $575,000); *Latex Equip. Sales &c. v. Apache Mills, Inc.*[6] (jury award of $158,541 upheld as within the range of proven damages of $568,771). "If [Beasley] desired an explanation of the basis for the damage award, [she] should have objected to the verdict form, which allowed the jury free rein to set damages. [Her] failure to do so while the jury was still present and available to reform the verdict waived any objection." (Citation omitted.) *Brock*, supra at 109 (3).

(b) *No evidence showed the guaranty covered future debts*. Beasley next contends that the guaranty did not cover any debts of Mechanical Maintenance beyond those that were incurred on the date she executed the guaranty. The express language of the guaranty belies this contention. Beasley guaranteed all obligations of Mechanical Maintenance to the bank, "including, but not limited to, all obligations under any notes . . . however and whenever incurred or evidenced, . . . now existing or hereafter contracted or acquired, and all modifications, extensions or renewals thereof." Accordingly, the guaranty covered the subsequent loans and renewals the bank made

---

[3] *Watkins & Watkins, P.C. v. Williams*, 238 Ga. App. 646, 650 (8) (518 SE2d 704) (1999).

[4] *Willis Mining, Inc. v. Noggle*, 235 Ga. App. 747, 751 (4) (509 SE2d 731) (1998).

[5] *Brock v. Douglas Kohoutek, L.P.*, 225 Ga. App. 104, 108-109 (3) (483 SE2d 342) (1997).

[6] *Latex Equip. Sales &c. v. Apache Mills, Inc.*, 225 Ga. App. 516, 519 (1) (d) (484 SE2d 274) (1997).

to Mechanical Maintenance. Cf. *Schroeder v. Hunter Douglas, Inc.*[7] ("[o]ne can certainly execute a valid contract of guaranty whereby he guarantees the payment of future debts incurred by another party").

(c) *No evidence showed that the bank strictly enforced the terms of the loans.* Beasley argues that the bank failed to strictly follow the requirements of the loan documents before loaning money to Mechanical Maintenance. Specifically, she points to the bank's alleged failure to require Mechanical Maintenance to submit its bylaws before the bank made a loan to the company.

Setting aside the absence of evidence showing that the bylaws were indeed not submitted, and setting aside that Beasley agreed to guarantee all obligations of Mechanical Maintenance to the bank (regardless of how such were incurred), we hold that to the extent the bank modified the terms of one of the loans by not requiring strict compliance with the loan documents prior to making the loan, Beasley expressly consented to such modifications in the guaranty. In the guaranty, she consented and agreed

> that Bank may from time to time, in its sole discretion, without affecting, impairing, lessening or releasing the obligations of the Guarantor hereunder: (a) extend or modify the time, manner, place or terms of payment or performance and/or otherwise change or modify the credit terms of the Guaranteed Obligations; . . . [and] (c) waive or consent to the departure from terms of the Guaranteed Obligations. . . .

(Emphasis omitted.) Such language allowed the bank to waive conditions precedent to making a loan, without affecting Beasley's obligation to guarantee the loan. See *Puccini v. Thomas & Howard Co.*[8]

(d) *No evidence rebutted the affirmative defenses of lack of real party in interest or of failure of consideration.* Beasley claims that Wachovia presented no evidence rebutting her affirmative defenses of lack of real party in interest or of failure of consideration, and that therefore the verdict is unsupportable.

Beasley misapprehends the role of affirmative defenses. As the party asserting those defenses, she, not the bank, bore the burden of proving those defenses. See *Jones Motor Co. v. Anderson*[9] (defendant has the burden of proving lack-of-real-party-in-interest defense);

---

[7] *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 899 (2) (324 SE2d 746) (1984).

[8] *Puccini v. Thomas & Howard Co.*, 228 Ga. App. 537 (492 SE2d 297) (1997).

[9] *Jones Motor Co. v. Anderson*, 258 Ga. App. 161, 162-163 (573 SE2d 429) (2002).

*Richards v. Southern Finance Corp.*[10] ("because appellant's allegation of failure of consideration is an affirmative defense, OCGA § 9-11-8 (c), then *a fortiori* the burden of proving such failure rests upon him"). See generally OCGA § 24-4-1 ("[t]he burden of proof generally lies upon the party who is asserting or affirming a fact").

In any case, the bank presented evidence rebutting each of these defenses. The bank showed that First Union had merged with and now was Wachovia, entitling Wachovia to prosecute this action. The bank also presented evidence that Mechanical Maintenance had received the proceeds of the various loans, which provided the consideration for the guaranty. See *Blalock v. Central Bank of Ga.*[11] (benefit to principal debtor provides consideration for guaranty). See generally OCGA § 10-7-1 ("[t]he contract of . . . guaranty is one whereby a person obligates himself to pay the debt of another . . . in consideration of credit or indulgence or other benefit given to his principal").

Because some evidence supported the jury award in favor of Wachovia, the trial court did not abuse its discretion in denying Beasley's motion for new trial on the general grounds.

2. Beasley contends that the court erred in its instructions to the jury. She first claims that the court erred in instructing the jury that "a guarantee which contemplates a future course of dealing between the creditor and the debtor is a continuing guarantee and is fully enforceable." This, however, was apt to the case and was a correct statement of the law. See *Lothridge v. First Nat. Bank of Gainesville.*[12]

Beasley next contends that the court erred in instructing the jury on the circumstances under which an obligor is relieved from his obligations by reason of accident (see OCGA § 23-2-20) or mistake of fact (see OCGA §§ 23-2-29; 23-2-32). Indeed, conceding these charges were inapplicable, the bank withdrew these requests to charge during the charge conference. Nevertheless, the court inadvertently gave the charges anyway.

The court's inadvertence, however, does not require a reversal. Inapplicable but correct charges, unless harmful, are not grounds for a new trial. *German v. Dept. of Transp.*[13] Beasley has not demonstrated how these charges harmed her; indeed, Beasley freely admits in her appellate brief that no evidence showed any of the circumstances described in these charges. Accordingly, we see no reason to

---

[10] *Richards v. Southern Finance Corp.*, 171 Ga. App. 268, 269 (1) (319 SE2d 103) (1984).

[11] *Blalock v. Central Bank of Ga.*, 170 Ga. App. 140, 142 (4) (316 SE2d 474) (1984).

[12] *Lothridge v. First Nat. Bank of Gainesville*, 217 Ga. App. 711, 712 (1) (458 SE2d 887) (1995).

[13] *German v. Dept. of Transp.*, 162 Ga. App. 785, 786 (293 SE2d 50) (1982).

believe that the jury could have been led away by these two charges from the issues in this case. Id. See *Gen. GMC Trucks v. Crockett*[14] ("[h]armful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute").

*Judgment affirmed. Miller and Adams, JJ., concur.*

DECIDED FEBRUARY 21, 2006.

*Ken W. Smith*, for appellant.

*Smith, Gambrell & Russell, Shannan F. Oliver*, for appellee.

---

[14] *Gen. GMC Trucks v. Crockett*, 145 Ga. App. 503, 505 (3) (244 SE2d 78) (1978).