A07A1944, A07A1945. GOLD KIST, INC. v. BASE MANUFACTURING, INC.; and vice versa.
(658 SE2d 228)

RUFFIN, Judge.

Gold Kist, Inc. ("Gold Kist") sued Base Manufacturing, Inc. ("Base"), asserting claims for breach of contract, negligence, fraud,

---

[24] See *Zwiren*, supra at 501.

[25] Id.

[26] See *Traylor*, supra.

[27] Id.

and punitive damages. Following trial, a jury found in favor of Gold Kist and awarded damages against Base on the breach of contract and negligent design claims. Gold Kist appeals in Case No. A07A1944, alleging that the jury's award of damages was inadequate. Base cross-appeals in Case No. A07A1945, contending that the trial court erred in denying its motion for directed verdict as to Gold Kist's claims for fraud and punitive damages. For reasons that follow, we affirm the judgment in Case No. A07A1944 and dismiss as moot the cross-appeal in Case No. A07A1945.

Construed in favor of the verdict,[1] the evidence shows that Gold Kist and Base entered into contracts in which Base agreed to supply metal storage rack systems for Gold Kist's chicken processing facilities in Alabama and South Carolina. Under the contracts, Base agreed to provide the racks according to Gold Kist's specifications and warranted that they would be free from defects; upon breach of the warranties, Base agreed to correct the problem or to pay for a replacement rack(s).

Thereafter, one of the racks at the South Carolina facility collapsed, and Gold Kist investigated and determined that the racks at both facilities were improperly designed, manufactured, and installed.[2] Thus, Gold Kist filed a breach of contract action against Base and later amended the complaint to add claims for negligence, fraud, and punitive damages. After Gold Kist rested, Base moved for a directed verdict as to fraud and punitive damages, but the trial court denied the motion. The jury found in favor of Gold Kist as to its claims for breach of contract and "negligent design, construction, or installation" as to the racks for both the South Carolina and Alabama facilities. However, the jury found in favor of Base as to Gold Kist's claims for negligent misrepresentation, fraud, attorney fees, prejudgment interest, and punitive damages. The damages awarded were significantly less than the amounts Gold Kist sought at trial.[3] Gold Kist moved for a new trial as to damages only, contending that the jury's award was not supported by the evidence, and the trial court denied the motion.

---

[1] See *Kellett v. Kumar*, 281 Ga. App. 120, 121 (635 SE2d 310) (2006).

[2] The rack at the Alabama facility did not collapse.

[3] Gold Kist contends that the jury awarded approximately 30 percent of the damages it sought at trial.

## Case No. A07A1944

1. Gold Kist contends that the jury's damages award was not supported by the evidence and, thus, the trial court erred in entering judgment based upon the verdict. We disagree.

With the consent of the parties, the trial court submitted a special verdict form to the jury which required it to allocate damages for certain claims. With regard to the South Carolina facility — where the rack actually collapsed — the jury awarded damages to Gold Kist for breach of contract in the sum of $250,979.96, with the following allocations: rack; freezer rack labels; base rack demolition; consulting fees; outside storage; freight to and from outside storage; rack collapse cleanup; damaged product; labor to rework damaged product; and temporary accounting costs.[4] With regard to the Alabama facility, the jury awarded damages to Gold Kist for breach of contract in the sum of $383,159.68, with the following allocations: $0 for Interlake rack, installation, freight, tax, and consulting fees; $78,750 for base rack demolition; $58,100 for freight to move food; $161,846.28 for outside cold storage; and $84,463.40 for "other."

Under the terms of the parties' contracts, Gold Kist was entitled to recover all costs resulting from Base's breach, including the replacement of the faulty racks. Gold Kist maintains that — with the exception of the cost of the replacement racks — Base failed to present any evidence or to dispute the evidence presented by Gold Kist for the aforementioned categories. Thus, Gold Kist contends, the jury's award is not supported by and is contrary to the undisputed evidence.

"[A]n excessive or inadequate verdict is a mistake of fact rather than of law and addresses itself to the discretion of the trial judge who, like the jury, saw the witnesses and heard the testimony."[5] Although this Court may set aside an inadequate verdict under OCGA § 51-12-12 (a), the threshold is extremely high.[6] Generally,

> the jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to shock the conscience. Moreover, the trial court's approval

---

[4] Although there was a category for "other," the jury did not allocate damages in that category for the South Carolina facility.

[5] *Moody v. Dykes*, 269 Ga. 217, 221-222 (6) (496 SE2d 907) (1998).

[6] See id. at 222.

of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence.[7]

Gold Kist essentially argues that the jury was required to return a verdict in the precise amounts proven at trial. But the law provides no support for this position.[8] " 'Indeed, we have often upheld jury verdicts that awarded less than the amount proven at trial, holding only that the amount must be within the range of damages shown.' "[9]

A jury is not obligated to accept a witness's testimony even when it is uncontradicted.[10] Thus, the jury was not required to conclude that Gold Kist's proposed damage amounts constituted the precise measure of damages. Moreover, as the jury was properly instructed — with no objection from Gold Kist — that

[w]here a contract is breached[,] damages are given as compensation for injuries sustained. . . . If you find the defendants breached the contract with the plaintiff[,] then the plaintiff is entitled to recover such damages as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach.[11]

Thus, the jury was authorized to award only those damages it determined flowed directly from the breach.[12] The jury was also charged — again without objection from Gold Kist — that Gold Kist had a duty "to lessen [its] damages as far as is practicable by the use of ordinary care."

There was evidence presented that the South Carolina rack sustained damage as a result of forklift strikes, which the jury might have concluded did not flow directly from the breach. And one of Gold

---

[7] (Citation and punctuation omitted.) *Consolidated Freightways Corp. of Delaware v. Futrell,* 201 Ga. App. 233, 234 (2) (410 SE2d 751) (1991).

[8] See *Kellett,* supra at 123 (1); *Beasley v. Wachovia Bank,* 277 Ga. App. 698, 699 (1) (a) (627 SE2d 417) (2006).

[9] *Kellett,* supra; see, e.g., *Beasley,* supra (jury award of $1 million upheld as within the range of damages where evidence showed debt owed was $1,250,701.10); *Willis Mining, Inc. v. Noggle,* 235 Ga. App. 747, 751 (4) (509 SE2d 731) (1998) (jury award of $300,000 upheld as within range of damages where evidence showed damages of $532,000); *Latex Equip. Sales &c. v. Apache Mills, Inc.,* 225 Ga. App. 516, 519 (1) (d) (484 SE2d 274) (1997) (jury award of $158,541 upheld as within the range of proven damages of $568,771).

[10] See *State v. Brown,* 278 Ga. App. 457, 460 (629 SE2d 123) (2006) (" 'The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony.' "); *Smith v. Godfrey,* 155 Ga. App. 113, 114 (1) (270 SE2d 322) (1980).

[11] See *Lay Bros., Inc. v. Golden Pantry Food Stores,* 273 Ga. App. 870, 874 (2) (616 SE2d 160) (2005).

[12] See id.

Kist's experts testified that weaknesses in the Alabama rack could have been repaired. Based upon the final verdict — particularly where the jury awarded $0 for certain categories in the facility where the rack remained intact, including replacement — it appears that the jury properly weighed the evidence and awarded those damages that it determined flowed naturally from the breach.

" 'Our role is not to enter the jury box. The jury made its award in its enlightened conscience and based upon the evidence agreed to by all concerned.' "[13] Thus, as the trial court declined to disturb the jury's verdict, we likewise decline to find error.[14]

2. Gold Kist further argues that once the jury concluded that Base breached its contracts, it could no longer consider Base's causation evidence, relying on *Ga. Power Co. v. Kalman Floor Co.*[15] But *Ga. Power v. Kalman* is distinguishable. In that case, the Supreme Court of Georgia concluded that the trial court erred in charging the jury as to contributory negligence because the plaintiff asserted a claim for breach of contract only.[16] Here, Gold Kist asserted claims for breach of contract *and* negligent construction, design and installation and negligent misrepresentation. Further, Gold Kist did not object to the trial court's charges to the jury regarding causation, including mitigation. Thus, it has waived its right to challenge the jury's consideration of such evidence.[17]

3. Gold Kist argues that the jury's verdict in favor of Base as to Gold Kist's claim for attorney fees and litigation costs was contrary to the evidence. In response, Base maintains that Gold Kist waived this argument by failing to timely raise it before the trial court in the motion for new trial. Pretermitting whether Gold Kist waived this argument, however, it affords no basis for relief.

The parties' contracts required Base to "defend, indemnify, and save harmless [Gold Kist] from any and all loss, damages, costs, expenses and attorneys' fees suffered or incurred on account of any breach of the ... warranty." Thus, Gold Kist argues that the jury was required to award attorney fees and expenses and that its failure to do so was inconsistent with the evidence submitted.[18]

---

[13] (Citation omitted.) *Alternative Health Care Systems v. McCown*, 237 Ga. App. 355, 362 (7) (514 SE2d 691) (1999).

[14] See *Kellett*, supra; *Beasley*, supra.

[15] 256 Ga. 534 (350 SE2d 421) (1986).

[16] Id. at 535.

[17] See *King v. Zakaria*, 280 Ga. App. 570, 579 (5) (c) (634 SE2d 444) (2006); *Strickland v. Dept. of Transp.*, 196 Ga. App. 322, 323 (3) (396 SE2d 21) (1990).

[18] According to Gold Kist, its evidence as to attorney fees and expenses was undisputed by Base.

But on the special verdict form — approved by Gold Kist — attorney fees and expenses were not included as a specific category for damages incurred as a result of Base's breach of contract. Instead, they were listed as a separate claim. The jury was not instructed that it should award attorney fees and expenses if it found that Base breached the parties' contracts. Rather, the trial court charged the jury that Gold Kist could recover its expenses of litigation, including attorney fees, where there was "bad faith, stubborn litigiousness, or [where] the defendant . . . caused the plaintiff unnecessary trouble and expense," as set forth in OCGA § 13-6-11.[19]

"Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the jury to decide."[20] And Gold Kist does not argue on appeal that the jury erred in concluding that it was not entitled to statutory attorney fees and expenses of litigation under OCGA § 13-6-11. Under these circumstances, we find no error in the jury's failure to award attorney fees under the theory presented.[21] To the extent that Gold Kist was precluded from recovering attorney fees under the contract, any error is the fault of Gold Kist.[22]

### Case No. A07A1945

4. In this cross-appeal, Base contends that the trial court erred in denying its motion for directed verdict on Gold Kist's claims for fraud and punitive damages. As Base concedes, however, our decision in Case No. A07A1944 affirming the jury's verdict and judgment renders this enumeration moot. Accordingly, the appeal in Case No. A07A1945 is hereby dismissed.

*Judgment affirmed in Case No. A07A1944. Appeal dismissed as moot in Case No. A07A1945. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 21, 2008

*Alston & Bird, Nowell D. Berreth, Bondurant, Mixson & Elmore, Frank M. Lowrey IV*, for appellant.

---

[19] Indeed, Gold Kist did not submit a charge instructing the jury that attorney fees and expenses of litigation were recoverable as damages for breach of contract. Instead, it submitted a charge stating that a plaintiff could recover expenses of litigation upon proper proof of bad faith, stubborn litigiousness, or that the defendant caused the plaintiff unnecessary trouble and expense. And again, Gold Kist did not object to the charge as given.

[20] *City of Lilburn v. Astra Group*, 286 Ga. App. 568, 570 (649 SE2d 813) (2007).

[21] See *City of Atlanta v. Broadnax*, 285 Ga. App. 430, 440 (6) (646 SE2d 279) (2007).

[22] See *Berry v. Jeff Hunt Machinery Co.*, 155 Ga. App. 15, 16 (1) (270 SE2d 257) (1980).