## A10A1797. COTTON v. THE STATE.
(708 SE2d 392)

SMITH, Presiding Judge.

This appeal has a long and tortuous history. In 2005, after a bench trial in Fulton County Superior Court, Stanley Cotton was convicted of burglary and acquitted of obstruction of a law enforcement officer. His trial counsel filed a notice of appeal, but the appeal was dismissed for failure to file a brief or enumeration of errors. In 2007, Cotton, represented by appellate counsel, moved for permission to file an out-of-time motion for new trial or, in the alternative, an out-of-time appeal. While no order granting that motion appears in the record, Cotton filed an amended motion for new trial in 2008 which was considered without a hearing by consent of the parties.

The amended motion for new trial was denied in 2009, but the order was never served upon counsel. In 2010, the trial court granted Cotton's motion for another out-of-time appeal. He now appeals, asserting as his sole enumeration of error ineffective assistance of his trial counsel in two respects: in failing to object to the trial court's questioning of the witnesses, and in failing to move for a hearing before a judge who had not taken the guilty plea of a co-defendant.[1] Finding no error, we affirm.

Cotton complains that the trial court questioned the witnesses excessively, and that trial counsel's failure to object to the questioning constituted ineffective assistance. But "[t]he trial court's examination of a witness called by either side is not cause for a new trial unless the court, during its examination of the witness, expresses or intimates an opinion on the facts of the case or as to what has or has not been proved, or the questioning becomes argumentative." (Citations and punctuation omitted.) *Shields v. State*, 272 Ga. 32, 34-35 (5) (526 SE2d 845) (2000).

> It is well settled that a trial court may question a witness in order to develop the truth of a case. Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or series of questions to any witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion.

(Citations and punctuation omitted.) *Jackson v. State*, 251 Ga. App. 171, 172-173 (1) (554 SE2d 202) (2001). Cotton has not shown an abuse of discretion here, and "failure to make a meritless objection cannot be evidence of ineffective assistance of counsel." (Citation and footnote omitted.) *Thomas v. State*, 306 Ga. App. 279, 281-282 (3) (a) (701 SE2d 895) (2010).

Moreover, Cotton waived his right to a jury trial and was convicted after a bench trial. "During a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence." (Citation and punctuation omitted.) *McRae v. State*, 289 Ga. App. 418, 420 (1) (657 SE2d 323) (2008). The intent of restrictions on the trial court's questioning and comments is to prevent undue influence on a jury: "The reason for . . . prohibiting the judge from intimating his opinion as to what has been proved is

---

[1] Cotton failed to support this second ground by citation or argument, either in his appellate brief or in his brief on motion for new trial below, and it is deemed abandoned. Court of Appeals Rule 25 (c) (2); *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010).

to keep the jury from being influenced, not to keep the judge from making up his own mind." *Morton v. State*, 132 Ga. App. 329, 330 (1) (208 SE2d 134) (1974). Cotton attempts to equate the trial court with a jury as a "finder of fact," citing the rule that a juror may not ask questions of a witness. But this rule, which has itself been called into question by our Supreme Court, *Allen v. State*, 286 Ga. 392, 397, n. 4 (687 SE2d 799) (2010), is expressly inapplicable to the trial court as the trier of fact. Id. at 396-397 (3).

Finally, no hearing was held on Cotton's motion for new trial by agreement of defense counsel. As a result, no testimony was adduced from his trial counsel regarding any strategic basis for the complained-of conduct. Counsel could well have determined that the danger of antagonizing the trier of fact outweighed any potential harm, or that the questioning was irrelevant to the dispositive issues in the case, as much of it was.[2] "Without such testimony, in the absence of other evidence that trial counsel's performance was deficient, the trial court is to presume that trial counsel's actions are part of trial strategy. In the absence of trial counsel's testimony, it is extremely difficult to overcome this presumption." (Citations and punctuation omitted.) *Temple v. State*, 253 Ga. App. 606, 609 (2) (a) (561 SE2d 132) (2002).

Cotton tacitly acknowledges the problem created by the absence of trial counsel's testimony by asserting that this case "is not one of 'actual ineffective assistance of counsel' " under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), but rather one of "actual or constructive denial of the assistance of counsel altogether," id. at 683 (I) (D), a claim which predates the holding in *Strickland*. Such denial of counsel requires no weighing of specific claims of ineffective assistance, as in *Strickland*, but is legally presumed prejudicial. Id. at 692 (III) (B).

But Cotton's allegations do not even remotely approach the extreme prejudice, "little short of judicial murder," and "gross violation of the guarantee of due process of law" in the landmark case of *Powell v. Alabama*, 287 U. S. 45, 72 (53 SC 55, 77 LE 158) (1932), upon which Cotton relies. Nor did counsel's actions result in "a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable," *United States v. Cronic*, 466 U. S. 648, 659 (III) (104 SC 2039, 80 LE2d 657) (1984), as Cotton urges. Counsel did not "entirely fail[ ] to subject the prosecution's

---

[2] Some of the details elicited by the trial court were actually favorable to Cotton, e.g., that the tracking dog on the scene did not identify Cotton from scent on the stolen televisions, but was simply reacting to air scent from any individual in the area. Defense counsel immediately followed up on the trial court's questioning, stating, "That's what I was getting to for the judge."

case to meaningful adversarial testing," as *Cronic* requires for such a denial of the right to counsel. "Apart from circumstances of that magnitude . . . there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt. [Cits.]" Id. at 659 (III), n. 26. Here, Cotton's trial counsel vigorously objected on numerous occasions, and in some cases was sustained by the trial court. He also cross-examined the prosecution's witnesses at length, and made appropriate motions, including a motion for directed verdict on the obstruction charge, which the trial court granted. There is absolutely no showing of "denial of counsel altogether," whether actual or constructive, within the meaning of *Cronic*, *Strickland*, or *Powell*, supra.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011.

*Samuel F. Little, Jr.*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker*, Assistant District Attorney, for appellee.