A11A0785. BRZOWSKI v. QUANTUM NATIONAL BANK.
(717 SE2d 290)

MIKELL, Judge.

Ronald R. Brzowski appeals the trial court's judgment in favor of Quantum National Bank ("Quantum") in this case arising out of a loan transaction between appellee Quantum and Patrick Circle Partners, LLC ("Patrick Circle"). Brzowski contends the trial court erred in holding that he signed a valid personal guaranty for the debts owed to Quantum by Patrick Circle and in finding him liable for attorney fees under OCGA § 13-1-11. For the following reasons, we affirm.

On appeal, a trial court's findings of fact after a bench trial will not be disturbed if there is any evidence to support them.[1] However, this Court reviews the trial court's conclusions of law de novo.[2]

So construed, the evidence shows that Quantum loaned the sum of $588,656.98 to Patrick Circle on September 19, 2007. The loan was evidenced by a Universal Note and Security Agreement (the "Note") signed on September 19, 2007, by Brzowski as managing member of Patrick Circle.

---

[1] *McDilda v. Norman W. Fries, Inc.*, 278 Ga. App. 51 (628 SE2d 195) (2006). Accord *Woodyard v. Jones*, 285 Ga. App. 323, 324 (2) (646 SE2d 306) (2007) ("Even when a trial court adopts a proposed order verbatim, the findings of fact therein are those of the court and may be reversed only if they are clearly erroneous") (citations, punctuation and footnotes omitted).

[2] *Airport Auth. of City of St. Marys v. City of St. Marys*, 297 Ga. App. 645, 647 (678 SE2d 103) (2009).

Brzowski also signed a personal guaranty (the "Guaranty") for the debts owed to Quantum by Patrick Circle. The enforceability of this Guaranty is the subject of this appeal. The top of the Guaranty contains three boxes that identify that guarantor, the borrower and the lender. Brzowski's name and home address are printed in the box identifying the guarantor. Patrick Circle is identified as the borrower, and Quantum is identified as the lender. The document indicates that it is a "Present and Future Debt Guaranty" and describes the debts subject to the Guaranty as "each and every debt, of every type and description, that the borrower may now or at any time in the future owe [to Quantum]." Under the "Definitions" section of the document, debt is defined as

all debts, liabilities, and obligations of the borrower (including, but not limited to, all amounts agreed to be paid under the terms of any notes or agreements securing the payment of any debt . . . and all extensions, renewals, refinancings, and modifications of these debts) whether now existing or created or incurred in the future.

Although the document was signed by Brzowski, it is not dated. In March 2009, Patrick Circle defaulted on the Note, and Quantum declared the debt due in full. Quantum sent certified demand letters to Patrick Circle and Brzowski demanding immediate payment of all sums under the Note and Guaranty. The loan was not repaid, and Quantum filed this lawsuit against Patrick Circle and Brzowski to recover for breach of promissory note and personal guaranty and for attorney fees. Patrick Circle did not dispute its default under the Note, and the trial court entered a judgment against Patrick Circle. Patrick Circle is not a party to this appeal and does not contest the judgment.

Brzowski disputed the validity of the Guaranty. After denying the parties' cross-motions for summary judgment, the trial court scheduled the case for a bench trial. Rather than conducting a full evidentiary hearing, the parties stipulated to the authenticity and contents of the evidence, and the trial court issued a final order and judgment finding in favor of Quantum on its claims for breach of the Guaranty and entered a judgment against Brzowski for all monies owed by Patrick Circle.[3] Brzowski appeals.

1. Brzowski first contends that the trial court erred in holding that the Guaranty did not violate the Statute of Frauds because the

---

[3] In his briefs, Brzowski erroneously states that the trial court granted Quantum's motion for summary judgment.

document was not dated, and thus did not specifically identify the debt covered by the Guaranty. We disagree.

The Statute of Frauds requires that, to be enforceable, a promise to answer for another's debt "must be in writing and signed by the party to be charged therewith."[4] "This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee."[5] Further, this Court has required that "a guaranty must, either in itself or in connection with other writings, identify the debt which is the subject of the promise, indicate knowledge of both the amount promised to be paid and the time the debt becomes due."[6]

Brzowski admits that he signed the Guaranty and does not contest that the document identifies him as the guarantor, Patrick Circle as the borrower and Quantum as the lender. However, Brzowski argues that the Guaranty is unenforceable because the document does not include the date it was executed, and thus does not contain information sufficient to identify the debt subject to the Guaranty. The document further states under a section captioned "NOTICE TO COSIGNER" that "[i]f you are making a 'Present and Future Debt Guaranty' as identified above, you are being asked to guarantee *present* as well as *future* debts of the borrower entered into with this lender." (Emphasis in original.)

Brzowski has failed to provide any statutory authority or case law indicating that the execution date of a personal guaranty is an essential term to satisfy the Statute of Frauds. Although the document at issue does not indicate the date it was executed or specifically identify the debt guaranteed, we find that the plain meaning of the language "Present and Future Debt" shows that Brzowski's obligations under the Guaranty had no temporal limitation and applied to debts owed by Patrick Circle to Quantum that were in existence at the time the Guaranty was signed as well as any future debts created after the Guaranty's execution.[7] Accordingly, we find that the express language of this Guaranty does not require an execution date to identify the debt covered.[8]

---

[4] OCGA § 13-5-30 (2).

[5] (Citations omitted.) *John Deere Co. v. Haralson*, 278 Ga. 192, 193 (599 SE2d 164) (2004).

[6] (Citations omitted.) *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984).

[7] Id. at 899 (2) ("One can certainly execute a valid contract of guaranty whereby he guarantees the payment of future debts incurred by another party.") (citation omitted).

[8] This Court has previously upheld similar personal guaranties where no exact promissory note or instrument was identified in the guaranty itself. See *Beasley v. Wachovia Bank*, 277 Ga. App. 698, 699 (1) (b) (627 SE2d 417) (2006) ("including, but not limited to, all obligations under any notes however and whenever incurred or evidenced, now existing or

2. Brzowski next maintains in two related enumerations of error that the trial court erred in admitting parol evidence to clarify the execution date of the Guaranty, and that the parol evidence was improperly admitted into evidence. We disagree.

The trial court's order held that while parol evidence was not necessary to identify the debt covered by the Guaranty, its conclusion that the Guaranty covered the Note between Patrick Circle and Quantum was further supported by the testimony of Brad Day, the executive vice president and chief operating officer of Quantum, Kevin Salisbury, the attorney who completed the closing of the loan transaction and Brzowski, who testified that the Note evidenced the only loan transaction between Quantum and Patrick Circle. Both Day and Salisbury testified that the Guaranty at issue was signed in conjunction with and as part of the same closing as the Note.

(a) Brzowski maintains that the date the guaranty was executed is an essential term to satisfy the Statute of Frauds, and that parol evidence could not be admitted for that issue. We disagree.

While parol evidence is inadmissible to supply any missing essential terms of a contract required by the Statute of Frauds to be in writing,[9] the Statute of Frauds does not prohibit using parol evidence to explain ambiguities in descriptions of nonessential terms.[10] As stated above, the trial court correctly found that the execution date of the personal guaranty was not an essential term required to satisfy the Statute of Frauds. Therefore, it was permissible for the trial court to consider parol evidence on that issue.[11]

(b) Brzowski next argues that the trial court erred in admitting his deposition testimony as parol evidence because it contained impermissible lay opinion testimony. We disagree.

Pretermitting whether the deposition contained impermissible opinion testimony, there is no indication from the trial court's order that it relied upon any opinion expressed by Brzowski during the deposition. The trial court's sole citation to Brzowski's deposition was to testimony that the Note represented the only transaction between Patrick Circle and Quantum. This testimony was not a

---

hereafter contracted or acquired, and all modifications, extensions or renewals thereof") (punctuation omitted); *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 103 (661 SE2d 578) (2008) ("any and all invoices for services rendered"); *John Deere Co.*, supra at 193 ("past and/or future extension of credit"); and *Schroeder*, supra at 898 (2) ("guaranty payment of any and all materials billed").

[9] *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 461-462 (489 SE2d 568) (1997).

[10] Id.

[11] Compare id. (personal guaranty agreement not enforceable where the name of the principal debtor, an essential element required to satisfy the Statute of Frauds, was omitted from the document and the trial court would have had to make inferences and consider impermissible parol evidence in order to determine the debtor's identity).

matter of opinion, but rather a factual statement.[12]

(c) The contemporaneous writing rule[13] is not applicable in this case. The trial court did not cite to or rely upon the contemporaneous writing rule anywhere in its final order. Further, the trial court's final order did not rely upon the contemporaneous writing rule to consider the Note in conjunction with the Guaranty. Rather, the trial court found that the description and definition of the word "debt," combined with the identification of the principal debtor, promisor and promisee, is sufficient to consider the Note and Guaranty as a single transaction that complied with the Statute of Frauds.

3. Brzowski contends that the trial court erred in awarding Quantum attorney fees because Quantum failed to provide sufficient notice of its intent to pursue such fees as required by OCGA § 13-1-11. Specifically, Brzowski contends that the demand letter sent by Quantum did not reference the attorney fee provision of the Note and that the demand notice failed to advise Brzowski in a clear manner that he had ten days to cure the default to avoid the imposition of attorney fees. We disagree.

Here, the Note provides that in the event of default, Patrick Circle and thus, the guarantor, shall be responsible for reasonable attorney fees in the amount of 15 percent of the outstanding principal and interest. After the default, Quantum sent a demand letter to Patrick Circle and Brzowski. In relevant part, the demand provided an accounting of the debt owed showing the principal balance, late fees and other charges, accrued past due interest and a per diem interest calculation. Although the demand letter did not specifically quote the attorney fee provision in the Note, it does reference the Note and state that the debt remains unpaid and if it "becomes necessary to collect the amount due through legal action, our client will seek to recover all of its attorney's fees and expenses of litigation pursuant to Georgia law. You avoid the imposition of attorney's fees by paying the balance due within ten (10) days of your receipt of this letter." Finally, the letter further states that the obligors had 30 days in which to dispute the debt, but that Quantum did not have to wait for 30 days before initiating collection proceedings.

---

[12] See *Cotton v. State*, 308 Ga. App. 645, 646 (708 SE2d 392) (2011) ("During a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence") (citation and punctuation omitted).

[13] [W]hile the Statute of Frauds prohibits using parol evidence to supply completely missing terms, it does not prohibit using parol evidence to explain ambiguities in descriptions. As long as all the necessary terms are contained in signed contemporaneous writings, the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced.
(Citation and punctuation omitted.) *L. Henry Enterprises, Ltd. v. Verifone, Inc.*, 273 Ga. App. 195, 198 (2) (614 SE2d 841) (2005).

OCGA § 13-1-11 (a) provides as follows, in relevant part:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as a part of such debt . . . subject to the following provisions:
>
> . . .
>
> (3) The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the . . . party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such . . . party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the . . . party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay attorney's fees shall be void and no court shall enforce the agreement. . . .

(a) Brzowski contends that the demand letter did not specifically reference the attorney fee provision in the Note and thus the assertion in the demand letter that "our client will seek to recover all of its attorney's fees and expenses of litigation pursuant to Georgia law" was misleading because it could refer to recovery of attorney fees and expenses pursuant to OCGA § 13-6-11 or OCGA § 9-15-1. This contention is without merit.

Although the demand letter did not specifically quote the attorney fee provision in the Note or the statute under which it would seek the attorney fees, it does reference the Note and state that Quantum would seek attorney fees and litigation expenses if the debt was not paid within ten days from receipt. This language is sufficient to satisfy the requirements of OCGA § 13-1-11. Georgia case law requires only substantial compliance with OCGA § 13-1-11 (a) (3), and this Court has construed substantial compliance to include notice as follows: "So long as a debtor is informed that he has [ten] days from receipt of [the] notice within which to pay principal and interest without incurring any liability for attorney fees[,] the legislative intent behind the enactment of OCGA § 13-1-11 (a) (3) has been fulfilled."[14] There is no requirement that the creditor cite to the

---

[14] (Citation, punctuation and emphasis omitted.) *Trust Assoc. v. Snead*, 253 Ga. App. 475,

specific statute or quote the exact language from the instrument relating to attorney fees.[15]

(b) Brzowski next argues that the demand letter did not comply with the ten-day notice requirement of OCGA § 13-1-11 because the demand letter stated that he had ten days to cure the default *and* thirty days in which to contest the amount under the Note. This contention is also without merit. A close reading of the demand letter reveals that Quantum complied with the requirements of OCGA § 13-1-11 by notifying the debtors that they had ten days to repay the debt obligation without incurring additional attorney fees and expenses.[16] The fact that the demand letter also provided the debtors with thirty days to dispute the amount owed under the Note did not alter the obligation to pay the debt within ten days or else incur additional fees.

4. Brzowski has failed to support his remaining enumerations of error with argument or citation of authority in his brief, and thus they are deemed abandoned under Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED SEPTEMBER 22, 2011 —

*Janis L. Rosser, Elizabeth C. Whealler*, for appellant.
*Webb, Tanner, Powell, Mertz & Wilson, Jody C. Campbell*, for appellee.

---

477 (1) (c) (559 SE2d 502) (2002).

[15] But see id. at (1) (b) (demand letter did not meet the requirements of OCGA § 13-1-11 when it failed to identify the notes involved as the underlying basis for indebtedness when there was no specific identification of notes past due, only an indirect allusion).

